Dexter v. Cochran.

DEXTER, *et al.*, v. SAMUEL COCHRAN, *et al.*

1. SUMMONS; *Must be Under Seal.* A summons issued without a seal from a district court is void.

2. FINDING OF "DUE SERVICE," *Prima Facie Evidence of Valid Summons.* In a case in the district court, where a judgment is rendered upon default, and such judgment is assailed in the supreme court, because the court below had no jurisdiction of the defendants, for the alleged reason that the summons was not attested with the seal of the court, and nothing is presented to the supreme court to sustain the said claim except the transcript of the record of the court below, which fails to show on the copy of the summons set forth any seal annexed thereto, but the journal entry of the judgment states the court found, "that due personal service of summons was made upon the said defendants as required by law," *held*, that such finding and adjudication of the court are *prima facie* evidence of the legal authentication of the summons with the seal.

*Error from Clay District Court.*

COCHRAN and two others, as partners, filed their petition against *A. F. Dexter, John Dexter*, and *Emma Dexter*, counting upon a note given by to plaintiff by said *A. F.* and *John*, and a mortgage executed by said *A. F.* and *Emma*, his wife. The note was for $1,676.67, and the mortgage was upon the north half of sec. 23, and east half of northeast quarter of sec. 22, in township 7 south, of range 2 east, in Clay county. Both note and mortgage were dated 26th November 1872. The petition was filed, and summons issued, 23d December 1873. The summons was personally served on each of the three defendants, 24th of December. The defendants made default. At the May Term 1874, judgment was given against *A. F.* and *John Dexter* for $1,949.37, and costs, and a decree of foreclosure and for the sale of said mortgaged premises was entered against said *A. F.* and *Emma*. An order of sale was issued 23d June, and returned by the sheriff without any indorsement of service, 22d August 1874. Nov. 9th, the sheriff filed "an appraisement" of the mortgaged premises, made June 23d 1874, by J.W.K.,

C. E. L. and W. M., under an appointment made by the sheriff. Said mortgaged premises were appraised at $3,600. An *alias* order of sale was issued July 13th 1874, (in the life-time, and before the return of the order of 22d June.) This order was received by the sheriff the day of its date, and was returned Sept. 9th 1874, accompanied by proof of publication of notice of sale to take place August ·21st. No sale was made. Sept. 9th, a *pluries* order of sale was issued, which was received by the sheriff on that day, and returned on the 9th of November, with proof of notice of sale to take place October 17th, and indorsed, "Not sold for want of bidders." Nov. 16th, plaintiffs moved for an order for a reappraisement of the real property described in the mortgage and decree, which order was allowed. A second *pluries* order of sale was issued December 8th 1874, and delivered to the sheriff that day. On the 16th he appointed new appraisers, and they appraised the real property described in the decree, at $2,000. The sheriff advertised said property to be sold January 15th 1875, and at that time sold the same to *Orrin B. Taylor*, one of the plaintiffs, for $1,334.33. Due return of the last-mentioned order of sale, with the proceedings of the sheriff thereunder indorsed thereon, was made on the 20th of January. At the May Term 1875 of the district court, the plaintiffs filed their motion for a confirmation of said sale, and said sale was confirmed, and the sheriff ordered to make a deed to the purchaser, etc. The defendants did not file a motion to set aside the sale, nor appear and resist the motion to confirm; nor did they at any time appear in said cause in the district court, for any purpose whatever. It appears from the record, that the appraisers, at each appraisement, valued and appraised the two parcels or tracts described in the petition together, (as one parcel,) and not separately. And it also appears that the sheriff sold said two tracts together, and not separately. The *Dexters* now bring the record here for review.

*C. M. Kellogg,* for plaintiffs in error, contended, first, "that

the court did not have jurisdiction of the persons of these plaintiffs, as the summons issued and served was not under the seal of the court; second, the court erred in setting aside the levy and appraisement, under the order of sale July 13th 1874; third, the court erred in confirming the sale."

*Clough & Wheat,* for defendants in error, submitted, that the presumption is, that the summons served was properly sealed; (1 Kas. 167;) but if not, then as the district court acted on the summons, it should be considered as amended, (code, § 139; 16 Kas. 551,) or the error should be disregarded as not affecting any substantial right of plaintiffs in error, (code, § 140,) and this court ought not now to consider such question, because it was not presented to the district court; 8 Kas. 112, 120; 3 Kas. 212. The property having been twice advertised and offered for sale, and not sold, the appraisement was set aside, and a new appraisement ordered, in pursuance of § 468 of the code.

The opinion of the court was delivered by

HORTON, C. J.: This action was brought in the court below to recover judgment on a promissory note, and to foreclose a mortgage given to secure the same. A summons in ordinary form in every respect, (unless as plaintiffs in error claim, the seal of the court was not thereto attached,) was issued in the action, and served upon the plaintiffs in error. Judgment was rendered on the note sued on, and a decree of foreclosure and sale allowed. Various orders of sale were issued, two appraisements were had, and the mortgaged premises sold to Orrin B. Taylor for $1,334.33. The defendants in the court below made no appearance; but they now allege error apparent in the record, and bring the case here for review. As this court has decided "that any error apparent in the final judgment of a district court may be corrected by suit in error in this court, although no exception was taken thereto by the party complaining, and no appearance by him at the trial and judgment, and no motion made

to set aside the judgment," the case is properly here for the decision of this court. *Woolley v. Van Volkenburgh*, 16 Kas. 20; *Zane v. Zane*, 5 Kas. 134; *Lender v. Caldwell*, 4 Kas. 339; *Koehler v. Ball*, 2 Kas. 160.

The first error alleged is, that the court below had no jurisdiction of the parties defendant in said court, because the seal of the court was not attached to the original summons. Of course, if the summons was issued without a seal, it would be void, and a judgment founded thereon a nullity. Const., §1, art. 3; §59, code of civil procedure; §3 of act relating to district courts, Gen. Stat. 304; *Lessee of Boal v. King*, 6 Ohio, 11. But we are not satisfied from the record that the summons was not duly authenticated with the seal of the court at its date of issuance. It appears from the journal entry of the judgment that the court found "that due personal service of summons was made upon said defendants, as required by law." This finding and adjudication cannot be ignored. Courts of general jurisdiction are presumed to have had jurisdiction until the contrary clearly appears; and every presumption is in favor of jurisdiction. *Haynes v. Cowen*, 15 Kas. 637; *Butcher v. Bank*, 2 Kas. 70. The finding and adjudication are *prima facie* evidence of the due and legal authentication of the summons, and the presumption thus raised is not overthrown by the fact that in the record presented no copy or mark of a seal is annexed to the summons therein set forth. Nothing is brought to this court but a transcript of the judgment and proceedings had in the cause below; and for aught that appears, the impression of the seal on the summons when affixed thereto may have been so slight as to have disappeared between the date of its issuance, Dec. 23d 1873, and the time the transcript was prepared and certified to, on September 2d 1875. We have not the same opportunity to ascertain whether the writ was issued with a seal as the district court had. Personal inspection of the summons at the time of the hearing and determination of the matter may have established conclusively the fact that it had the seal of the court attached from which it issued. Upon

the finding and adjudication of the court below, and an examination of the record, we must presume that the summons served was properly sealed. The grounds for the allegation of the other alleged errors in the case, seem to us trivial and unimportant.

There seems to have been some irregularity as to the return of the order of sale issued June 22d 1874, and the issuance of the *alias* order of sale of date of July 13th 1874. But as the sale was not made under either of these orders, no error is manifest in the confirmation of the sale made on January 15th 1875. · If we properly understand the record, the property was advertised for sale August 21st 1874, and again, October 17th 1874; and having been twice advertised and offered for sale, and not sold, said appraisement was properly set aside and a new appraisement ordered, in pursuance of § 468 of the civil code. If it be contended however, that the appraisement of June 23d 1874 was not valid, because it was not filed until November 9th 1874, then the court had a still better reason for the order directing the reappraisement of the property on November 16th 1874.

The land sold consists of four hundred acres — being three hundred and twenty acres in one section, and eighty in another. But as these two pieces of land are contiguous to each other, and the judgment debtors owned the entire interest in the premises, the sale of the same in gross is not void, and the court below committed no error in its rulings. *Bell v. Taylor*, 14 Kas. 277.

The judgment of the court below is affirmed.

All the Justices concurring.