F. P. LINDSAY v. THE BOARD OF COMMISSIONERS OF KEARNY COUNTY.

No. 7897.

1. SUMMONS — *Validity.* A paper purporting to be a summons, and which is not signed by the clerk of the district court, is invalid; and a motion made by the defendant, who specially appears, to set aside the service of a copy of the paper made upon him should be allowed.

2. CASE-MADE —*Held to Embrace the Evidence.* Where the record shows that the defendant in error was advised by a notice accompanying a case-made that the paper contained all the proceedings, and also that, in acknowledging service of the case-made, he expressly admitted that it did contain all the proceedings, it will be *held* that the case-made embraces all of the testimony offered in the case.

*Error from Kearny District Court.*

THE nature of the action and the material facts are stated in the opinion, filed April 11, 1896.

*W. C. Webb,* for plaintiff in error.

*M. G. Kelso,* county attorney, and *Peters & Nicholson,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J. : This action was brought by the board of county commissioners of Kearny county to recover

from F. P. Lindsay, formerly county attorney of that county, the sum of $4,275.70, alleged to have been paid to him without authority, as compensation for his services as county attorney, and also to recover a certain penalty, and an additional sum as attorney's fee. An attempt was made to obtain service upon him, but it appears to have been ineffectual. A paper in the form of a summons, except that it was not signed by the clerk of the district court, was prepared, and a copy of the same was served upon Lindsay. He challenged the sufficiency of the process at once, making a special appearance for that purpose. The record contains a literal copy of the paper that was served upon him ; and it, together with the testimony offered upon the motion, shows beyond doubt that the original paper was not signed by the clerk of the district court, and that no valid process was ever served upon him. The summons is the process by which parties defendant are brought into court, and it is important, therefore, that the statutory requirements respecting the same be substantially observed. It is provided that "the summons shall be issued by the clerk, . . . . shall be under the seal of the court from which the same shall issue, shall be signed by the clerk, and shall be dated the day it is issued." ( Civil Code, § 59 ) ; and section 700 of the code provides that " the style of all processes shall be ' The State of Kansas.' It shall be under the seal of the court from whence the same shall issue, shall be signed by the clerk, and dated the day it is issued." The statutory requirement that the summons shall be signed by the clerk is imperative, and it cannot be safely disregarded. The signature of the clerk is equally as important to the validity of the summons as is the seal, and with respect to that this court has expressly de-

cided that "if the summons was issued without a seal it would be void, and a judgment founded thereon a nullity." (*Dexter v. Cochran*, 17 Kan. 447.) The objection to the service is not to be treated as a collateral attack. As the attack upon the process was promptly made by a motion to quash, the question here is whether the overruling of that motion was erroneous. Attention is called to the name of the clerk attached to an indorsement on the back of the paper, stating the amount for which judgment would be taken in case of a default. This indorsement, however, is not required to be signed by the clerk, and the mere fact that his name is appended thereto does not supply the omission nor give force to the unsigned summons.

In the entry of judgment, made after the motion was overruled, is a formal finding that the defendant had been duly served with summons ; but, as this finding is plainly contradicted upon the face of the record and by the uncontradicted proof, it cannot be regarded. There is a contention that the *prima facie* character of the finding of the court that personal service had been made cannot be overthrown, for the reason that it does not affirmatively appear that all of the testimony is in the record. The record shows that with the case-made the following notice was served : "The above and foregoing is the case made by the defendant in the above-entitled cause, and contains all the pleadings, proceedings, and the judgment thereon." On the same page is an acknowledgment of service in the following form : "The above-entitled case-made of the defendant was this day served on me, and as it contains a true and correct transcript of the proceedings, pleadings and judgment in said cause, I have no suggestion of amendments to make." It thus appears that the attorney for defendant in error not only was

advised that the case-made purported to contain all the proceedings, which would embrace the evidence, but that he expressly admitted that to be a fact. Under these circumstances it must be held that the case-made embraces all of the testimony, and that the finding that due service of summons was made is wholly without support.

The judgment will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.