The State v. Foulk.

THE STATE OF KANSAS v. JOHN W. FOULK.
No. 10582.

1. CRIMINAL PROCEDURE — *verification of information; omission
   of clerk to affix seal to jurat not fatal.*   An information was·
   verified before the clerk of the court wherein the prosecution was
   pending, and the signature and certificate of the clerk were com-
   plete except that he omitted to affix his seal.   It does not appear
   that the omission was specifically pointed out by the defendant·
   until after the conviction and appeal.   *Held,* not to be a fatal
   omission or error.

2. SECTION 10, BILL OF RIGHTS — *permitting stenographer to read
   against accused testimony of witness on former trial, a viola-
   tion of.*  In all prosecutions the accused is entitled to be confronted
   with the witnesses against him and to meet them face to face; and
   testimony of a witness given upon a former trial, and which was
   written down by the court stenographer, cannot be read in evi-
   dence against the defendant except with his consent.

*Appeal from Kingman District Court.*
*Hon. G. W. McKay, Judge.*

REVERSED AND REMANDED.          OPINION FILED JULY 11, 1896.

*C. W. Fairchild,* and *P. B. Gillett,* for appellant.

*F. B. Dawes,* Attorney General, *W. T. Cowgill,* County Attorney, and *Hay & Hay,* for The State.

JOHNSTON, J.   John W. Foulk appeals from a conviction upon a charge of grand larceny, and assigns as a ground of error that the verification of the information was incomplete and insufficient.   It was subscribed and sworn to by the County Attorney before the Clerk of the District Court in which the information was filed.   The jurat is in proper form, duly attested by the signature of the Clerk, and is complete in every particular except that the seal of the Court appears to have been omitted.   Although there was a motion to quash the information upon general grounds, it is probable that this defect was not specifically pointed out to the Court.   The omission might have been of more consequence if the officer before whom the verification was made had been a stranger to the Court.   It was taken be-

1. Omission of clerk to affix seal to jurat not fatal.

fore the Clerk, who was an officer of the Court, and whose signature is judicially known to the trial judge.   The seal is only evidence of authenticity; and, as the Court could take judicial knowledge of the signature of the Clerk, further authentication by evidence was not of great importance.   In any event, we do not think the omission of the seal is a fatal defect, and a judgment cannot be disturbed on account of technical errors, or defects or exceptions which do not affect the substan-

tial rights of the parties.    ¶ 5355, Gen. Stat. 1889 ;
*Entreken v. Howard, Adm'r.*, 16 Kan. 554 ; *The State v. Carey*, 56 id. 84.

It appears that there had been two trials of the charge against Foulk previous to the one upon which he was convicted.    It also appears that Thomas Yarrow had been prosecuted and convicted for the larceny of the hogs with the stealing of which Foulk was also charged.    At a former trial of the charge against Foulk, Yarrow testified in behalf of the State.    On the final trial the court stenographer was produced as a witness and permitted, over the objections of the defendant, to read from his notes the testimony given by Yarrow against Foulk on the former trial.    This was a clear violation of the constitutional rights of the defendant.

2. § 10 of the Bill
of Rights
violated.

The State Constitution provides that "In all prosecutions, the accused shall be allowed    .   .   .    to meet the witness face to face."    § 10, Bill of Rights. These provisions secure to the accused, whose life or liberty is involved, an important right of which he cannot be deprived except with his consent.    It is a personal right which he may waive, and, if to avoid continuance or delay, he had consented that the testimony of Yarrow, written down on the former trial, might be read as evidence to the jury as a substitute for the oral testimony and presence of the witness, he would be concluded by his consent.    *The State v. Adams*, 20 Kan. 311.    Here, however, there was a vigorous opposition to the reception of the testimony, and the grounds of objection were repeatedly and specifically pointed out to the Court.    Yarrow's testimony, so read to the jury, was lengthy and important, and doubtless had much to do with the verdict which was returned.

17—57 KAN.

Indeed, it was the most important testimony that was produced against the defendant. Much of. it would have been incompetent if the witness had been personally present in the Court, but, as produced, it was wholly incompetent.

Some other objections are made to the rulings of the Court at the trial, but none of them are deemed to be material.

For the error mentioned the judgment will be reversed, and the cause remanded for a new trial.

All the Justices concurring.