HENTON GORDON *et al.* v. S. M. BODWELL *et al.*

No. 10404.

CONSTITUTION ART. 3, §1—*as to sealing process, mandatory. Order of sale without seal, void, and court no power to permit seal to be attached after sale.* The provision contained in section 1, article 3, of the Constitution that "all courts of record shall have a seal to be used in the authentication of all process," is mandatory, and an order of sale issued without the seal of the court is void; and the court has no power, after a sale made thereunder, to allow the process to be amended by attaching the seal. [Allen, J., dissenting.]

Error from Wyandotte District Court. Henry L. Alden, Judge. Opinion filed January 8, 1898. *Reversed.*

*Mills, Smith & Hobbs,* for plaintiffs in error.
*Samuel Maher,* for defendants in error.

ALLEN, J. In this case we are called on to decide the single question, whether an order of sale issued

without a seal may be amended by affixing the seal after a sale has been made thereunder by the sheriff. An order of sale was issued on the judgment, but by mistake the clerk failed to affix the seal. The omission was not discovered until after a sale had been made of the property described in the order and the purchase money had been paid. On the application of the plaintiff the court permitted the seal to be affixed, and afterward confirmed the sale. The defendants bring the case here, alleging error in these proceedings.

On the part of the plaintiff in error attention is called to section 1, of article 3, of the Constitution, which provides : "All courts of record shall have a seal to be used in the authentication of all process." By section 441 of the Code it is provided that executions shall be deemed process of the court. The first paragraph of the syllabus in *Dexter v. Cochran*, ( 17 Kan. 447,) is, "A summons issued without a seal from a district court is void." In *Insurance Company v. Hallock*, (6 Wall. 556,) it was held that an order of sale issued on a judgment of a court of common pleas in Indiana without a seal was void, and that a sale of property thereunder conveyed no title. In the case of *Lessee of Boal v. King*, (6 Ohio, 11,) it was held, that a writ of *fieri facias* issued without a seal, from a court having and using a seal, is void. In *Weaver v. Peasley*, (163 Ill. 251, 45 N. E. 119,) it was held, that an execution issued without a seal was void, and that it could not be amended. In *Choate v. Spencer*, (13 Mont. 127, 32 Pac. 651,) it was held, that a summons without a seal was void. In the case of *Lindsay v. Comm'rs of Kearny County*, (56 Kan. 630), it was held that the signature of the clerk is essential to a valid summons. These are all the authorities cited by the plaintiff in error bearing on the question before us.

The others relate to the force of constitutional requirements.

On the other hand, it is contended by counsel for the defendant in error that, whatever the rule may be with reference to the necessity of authenticating original process, through which the court obtains jurisdiction, by affixing the seal, paragraph 4222 of the General Statutes of 1889, which provides that "the court may before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect," applies to this case, and authorized the amendment allowed. In support of this contention the cases of *Arnold v. Nye*, 23 Mich. 287, *Bridewell v. Mooney*, 25 Ark. 524, *Taylor v. Courtney*, 15 Neb. 190, 16 N. W. 842, *Sawyer v. Baker*, 3 Me. 28, *Corwith v. State Bank*, 18 Wis. 587, and *Purcell v. McFarland*, 1 Ired. (N. C.) 34, holding that an execution issued without a seal is not absolutely void, but may be amended by leave of the court, are cited.

In the following cases it was held that a summons issued without a seal might be amended : *Strong v. Catlin*, 3 Pinney (Wis.), 121.; *The State v. Davis*, 73 Ind. 359 ; *Cartwright v. Chabert*, 3 Tex. 261. In *Lowe v. Morris* ( 13 Ga. 147 ), it was held that a writ of error might be amended by attaching the seal, and in *People v. Straight* ( 5 Wend. 103 ) that a writ of *certiorari* might be amended in like manner. In *Jump v. Betton's Creditors* ( 35 Mo. 193 ) it was held that a writ of attachment issued without a seal was not void, but might be amended ; and the same was held with reference to a writ of replevin in *Spratley v. Kitchens* ( 55 Miss. 578 ), and in *Potter v. Smith* ( 7 R. I. 55 ). In Massachusetts, the constitution provides that every

original writ shall be under seal and signed by the clerk. It was held, in *Austin v. Insurance Co.* (108 Mass. 338), that a summons issued without the signature of the clerk was not absolutely void, but might be cured by amendment. *Henderson v. Graham* (84 N. C. 496), is to the same effect; though the requirement that the summons be signed by the clerk is statutory.

Counsel for defendant in error also contends that the first proposition stated in the syllabus to *Dexter v. Cochran*, supra, was not necessary to the decision of the case, and is therefore not binding as authority, because the court held the summons valid, and that the record failed to make an affirmative showing of the absence of the seal. It is also argued that the seal is not a part of the process itself, within the meaning of the constitutional and statutory requirements, but that it is merely evidence used to authenticate the process; and, on the authority of *State v. Foulk*, (57 Kan. 256, 45 Pac. 603), *Entrekin v. Howard*, (16 id. 551), and *Simon v. Stetter* (25 id. 155), it is argued that, where the process is issued by one officer of the court — the clerk, to another officer of the same court — the sheriff, and is not to be served on any outside party, the authentication by a seal becomes a mere matter of form; and that within the spirit of the Code omissions of such mere formal matters may by leave of the court be supplied at any time.

The writer is of the opinion that the ruling of the trial court is supported by a decided preponderance of authority, and accords with the modern tendency to disregard all mere technical requirements which do not affect substantial rights. The majority of the court, however, adhere to the rule announced in *Dexter v. Cochran*, supra, and hold that, as the Constitution requires the use of a seal in the authentication of

all process, no distinction can be drawn between original, mesne and final process ; that the constitutional provision is mandatory, and its force may not be impaired by the Legislature, either by attempting directly to dispense with its requirements or through the indirect method of allowing the process to be amended after it has spent its force.

The order of the District Court is reversed, and the cause remanded with directions to set aside the confirmation of the sale, and to overrule the motion of the plaintiff for leave to attach the seal to the order of sale.

Allen, J., dissenting.