## DAVID TAYLOR v. J. JAY BUCK et al.

No. 11,546.   (60 Pac. 736.)

1. EXECUTION—*Amendment after Return.* An execution for the sale of property, authenticated with the seal of the court but lacking the signature of the clerk issuing it, may be amended after its return by order of court upon the clerk to sign it, if necessary to validate proceedings under it.

2. ——— *Cases Distinguished.* The cases of *Dexter v. Cochran,* 17 Kan. 447; *Lindsay v. Comm'rs of Kearny Co.,* 56 id. 630, 44 Pac. 603, and *Gordon v. Bodwell,* 59 id. 51, 51 Pac. 906, distinguished.

Error from Lyon district court; W. A. RANDOLPH, judge. Opinion filed April 7, 1900. Affirmed.

*Madden Bros.,* for plaintiff in error.

*J. Jay Buck,* and *J. G. Hutchison,* for defendants in error.

The opinion of the court was delivered by

DOSTER, C. J. : This is a proceeding in error from an order overruling a motion to vacate a sheriff's sale,

and from an order giving leave to amend the execution upon which the sale was made, and from an order confirming the sale upon the amended execution. The judgment on which the execution was issued was rendered December 7, 1886. Thereafter executions were issued on the dates following and returned unsatisfied : December 6, 1889 ; December 5, 1890 ; February 7, 1891 ; February 5, 1892 ; February 4, 1893 ; February 3, 1898. On September 14, 1898, another execution was issued and was levied on certain real estate. Upon this execution the sale in question was made. The execution of February 3, 1898, next preceding the one upon which the sale was made, was regular in all respects save that it was not signed by the clerk of the court issuing it. If this execution was void because of the lack of the clerk's signature the judgment had become dormant before the issuance of the execution of September 14, 1898, upon which the sale was made. The execution defendant moved to vacate the sale for the reason that the judgment had become dormant on account of the nullity of the execution of February 3, 1898. The execution plaintiff moved for leave to amend the unsigned writ by causing the clerk to attach his signature thereto. This motion was sustained and the execution was signed. A motion was then made to confirm the sale. This motion was sustained and the sale confirmed. The sole question, therefore, is, Was the execution of February 3, 1898, void and unamendable?

In *Dexter v. Cochran*, 17 Kan. 447, it was held that a summons issued out of the district court, but without a seal, was void. The reason for this ruling was not specially discussed, but it was placed upon the ground that section 1, article 3, of the constitution, requires that " all courts of record shall have a seal to be used in the authentication of all process." In

*Lindsay v. Comm'rs of Kearny County*, 56 Kan. 630, 44 Pac. 603, it was ruled :

. "A paper purporting to be a summons, and which is not signed by the clerk of the district court, is invalid; and a motion made by the defendant, who specially appears, to set aside the service of a copy of the paper made upon him should be allowed."

This decision was based upon section 59 of the civil code (Gen. Stat. 1897, ch. 95, § 54; Gen. Stat. 1899, § 4305), which, among other things, requires that a summons be signed by the clerk.   In *Gordon v. Bodwell*, 59 Kan. 51, 51 Pac. 906, it was ruled by a majority of the court :

"The provision contained in section 1, article 3, of the constitution, that 'all courts of record shall have a seal to be used in the authentication of all process,' is mandatory, and an order of sale issued without the seal of the court is void; and the court has no power, after a sale made thereunder, to allow the process to be amended by attaching the seal."

The first two cases cited are unlike the present one in that the writs in question were summonses, and also in the further respect that no motions were made to amend the defective process, and the case first cited differs from this in the further respect that the seal of the court, not the signature of the clerk, was omitted. The case last cited is also unlike the present one in that the defect in the writ consisted in the omission of the seal, not the signature of the clerk.   The ground of the decisions in *Dexter v. Cochran*, supra, and *Gordon v. Bodwell*, supra, as expressed in the last case, was that the constitutional requirement to authenticate process with the seal of the court was mandatory.   The holding of the majority of the court in the last case was :

"As the constitution requires the use of a seal in

the authentication of all process, no distinction can be drawn between original, mesne, and final process; that the constitutional provision is mandatory, and its force may not be impaired by the legislature, either by attempting directly to dispense with its requirements or through the indirect method of allowing the process to be amended after it has spent its force.''

The reasoning in that case, however, cannot be applied to the facts of the present one.  There is no constitutional direction to authenticate process with the signature of the clerk issuing it.  The requirement in that respect is statutory.  The legislature need not have made the requirement.  It could not, however, have dispensed with the requirement to authenticate process with the seal of the court because the constitution ordains that to be done.

Constitutional provisions are rarely directory, but are meant to be obeyed in strictness of letter.  It is foreign to the high purpose of an organic law to give advisory directions.  Occasionally the object of a constitutional provision and the language in which its meaning is expressed justify the view that it was intended to be directory only, but, in the main, constitutional ordinances are intended to be viewed as mandatory.  In such cases, a failure to obey the constitutional command prevents the thing done from acquiring any legal efficacy.  It is different, however, in the case of many legislative requirements.  The general rule is that, where the provision of the statute is of the essence of the thing required to be done, and by which jurisdiction to do it is obtained, it is mandatory, but where the required act is in the nature of an incident to the thing to be done, and especially after jurisdiction to do it has been first obtained, it is directory.  Tested by these principles, we are quite well satisfied that the lack of the clerk's

signature to the execution of February 3, 1898, was an amendable defect. The requirement of the statute to authenticate mesne process by the clerk's signature is directory, not, however, in the sense that it may be wilfully disregarded, but in the sense that upon discovery of the omission the lack may be supplied, and the defeat cured *nunc pro tunc* by an order for amendment. The statute of amendments is very liberal and is of equal efficacy, at least in most particulars, with the statutory requirement to authenticate process with the signature of the clerk. The civil code, section 139 (Gen. Stat. 1897, ch. 95, § 139; Gen. Stat. 1899, § 4389), provides:

"The court may, before or after judgment, in furtherance of justice and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect."

The general rule is that defects in process of the character of that in question may be amended under the authority of statutes like the one quoted. The decisions upon the subject are cited in the opinion of the court in *Gordon v. Bodwell,* supra, and need not be discussed. The fact, however, that the defect in the writ under consideration in that case was the lack of the seal of the court, and was not, as in this case, the omission of the clerk's signature, justifies the different holding that is now made. In the one case the constitution was disregarded; in the other a statute only was violated. It is not within the power of the legislature to absolve from penalties consequent upon the violation of a constitutional command. It is, however, within its power to provide a curative remedy for an infraction of its own enactments. This it

has done by a general provision covering cases like the one in question.   The execution creditor availed himself of the benefit of this provision and thereby cured the defective process.

Whether the statute will authorize the amendment of the initial writ issued in a case — the summons by which jurisdiction of the person is obtained, is a question with which we have no concern, and it is not decided.   It was held in *Lindsay v. Comm'rs of Kearny Co.*, supra, that a summons without the signature of the clerk was invalid and should have been quashed ; but the question whether such kind of writ was amendable was not presented in that case, and therefore was not determined.   It is presented in this case as to process to sell land issued after jurisdiction obtained, and the holding is that the amendment may be made.

The judgment of the court below is therefore affirmed.