No. 25,520.

THE STATE OF KANSAS, *Appellee*, v. I. W. JOHNSON, *Appellant*.

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Aiding and Assisting in Commission of Crime Under Worthless-check Act.* One who counsels, aids or abets commission of the offense denounced by the worthless-check act (R. S. 21-554 to 21-559) may be charged, tried and convicted in the same manner as if he were principal. (R. S. 62-1016.)

2. SAME — *Abatement of Prosecution — Aider and Abettor Entitled to Its Benefits.* A person prosecuted for counseling, aiding or abetting commission of such an offense may procure abatement of the prosecution in the same manner as though he were principal.

3. SAME—*Prosecution Abated—No Further Prosecution.* If a prosecution of either principal or abettor has been duly abated there can be no further prosecution for the same offense.

4. SAME—*Prosecution Under Worthless-Check Act May Be Abated—Findings—Payment of Costs.* If a worthless check, dishonored on presentation for want of funds, be taken up, a prosecution subsequently commenced may be

The State v. Johnson.

abated by making the statutory showing, procuring the necessary finding, and paying costs.

Appeal from Pawnee district court; ROSCOE H. WILSON, judge. Opinion filed June 7, 1924. Reversed.

*H. S. Rogers,* and *Richard H. Browne,* both of Larned, for the appellant.

*C. B. Griffith,* attorney-general, *John F. Rhodes,* assistant attorney-general, *Blaine Roberts,* county attorney, *W. H. Vernon, jr.,* and *J. S. Vernon,* both of Larned, for the appellee.

The opinion of the court was delivered by

BURCH, J.: Defendant was convicted of counseling, aiding and abetting commission of the offense denounced by the worthless-check law, and appeals.

Johnson was a bill collector of Larned, having for collection seven items against Harry L. Fertig. Among them were one for $136.40 and one for $50.40. Fertig was a farmer, and on August 13, 1921, was helping a neighbor thresh wheat. On that day Johnson prepared checks for Fertig to sign, took them to the farm where threshing was in progress, and induced Fertig to sign them. The checks were drawn on the Farmers State Bank of Larned, in which Fertig had an account, his balance from July 28 to August 30 being $15.04. Two of the checks were for the amounts first stated. Johnson threatened to sue Fertig unless he signed the checks. Fertig said he did not have money in the bank to meet them. Johnson suggested dating them ahead, and did date them August 20. Fertig expected to have some funds left over after the sale of some wheat, and expected to be able to meet the checks when the time came to present them. He testified as follows:

"I told him there was some other wheat; if there was anything above the mortgage I would put that in the bank to take up the checks, probably by the 20th, when the time came to present them."

Johnson said he would hold the checks until Fertig placed money in the bank to meet them. Fertig had no intention to defraud. When presented the checks were not paid for want of funds, and Johnson caused Fertig to be arrested for giving the checks. Afterwards Fertig retaliated.

The material portions of the statute (R. S. 21-554 to 21-559) are quoted in the opinion in the case of *The State v. Avery,* 111 Kan. 588, 207 Pac. 838, in which it was held the statute applies to post-dated checks. Unless at the time a properly dated check is de-

livered, maker and payee are in the bank on which it is drawn and the bank is open for business, there cannot be immediate presentment for payment. If a check be given after banking hours it cannot be presented until the next day, and under familiar circumstances the process of collecting a check may require considerable time. One of the purposes of the statute was to put an end to check kiting, and manifestly the maker of a check may not escape liability by merely dating it far enough ahead to give him opportunity to realize some expectation, more or less well founded, of obtaining money to meet it on presentation. As indicated in the Avery case, the statute was designed to relieve banking and business from the nuisance resulting from the practice of drawing checks against insufficient funds. With the legislative policy the court has no concern except to apprehend and enforce it. That the court correctly interpreted the statute in the Avery case, decided in June, 1922, is demonstrated by the fact that senate bill No. 134, introduced in the legislature of 1923, making the act inapplicable to postdated checks, failed to pass.

The information followed the statute, with the addition of proper allegations to charge the defendant in the capacity in which he acted. It was not essential that the defendant should belong to the same class as the principal offender. It was enough that the offense be traceable to him as instigator and moving cause. ' (*The State v. Elliott*, 61 Kan. 518, 59 Pac. 1047.) Therefore the motion to quash the information was properly denied.

The district court held the privilege of abating prosecution was personal to the maker of the check. The provision for abatement speaks of "the defendant," and relates to any defendant, unless its operation is restrained by the requirement of a showing that "he had an account" in the bank on which the check was drawn. While the statute relating to prosecution and punishment of those who counsel, aid or abet commission of crime (R. S. 62-1016) is general, and must be applied, the court is of the opinion the worthless-check act was framed without specific intent to discriminate between the principal defendant and others equally guilty. The essentials to abatement are the showing and finding that the maker of the check had an account in the bank such as the statute requires and that the check was drawn without intent to defraud, and payment into court of the amount of the check and costs of prosecution. When these essentials appear, prosecution ends, the particular business nuisance created by giving the check is abated, and punishment may not be

inflicted.   This being true, privilege to abate is open to anyone who may be prosecuted.  If the prosecution of either principal or abettor has been abated there can be no further prosecution for the same offense.   If a worthless check, dishonored on presentation for want of funds, be taken up, a prosecution subsequently commenced may be abated by making the statutory showing, procuring the necessary finding, and paying costs.

The judgment of the district court is reversed, and the cause is remanded for further proceedings.

HARVEY, J., concurs in the order of reversal.