No. 30,226.

The State of Kansas, *Appellee*, v. Omer Goodrich, *Appellant*.

(15 P. 2d 434.)

Opinion filed November 5, 1932.

*J. P. Evans*, of Ulysses, for the appellant.

*Roland Boynton*, attorney-general, *E. E. Steerman*, assistant attorney-general, and *Steve W. Church*, county attorney, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: Omer Goodrich was charged with and convicted of the offense of issuing and delivering a worthless check for the payment of $29.23 to the Johnson Oil Company. It was drawn on a bank in which he had no funds or credits to meet the check. The defendant appeals, specifying a number of rulings as errors. The one most argued was the overruling of his motion to quash the information. The charge in the information follows:

"I, Steve W. Church, county attorney of Stanton county, Kansas, in the name, by the authority and in behalf of the state of Kansas, do come now here and give the court to understand and be informed, and to give the court information:

"That, on the 12th day of September, A. D. 1930, in the county of Stanton, state of Kansas, said defendant, Omer Goodrich, did then and there unlawfully, willfully and feloniously draw, make, utter, issue and deliver to the Johnson Oil Company, his certain check in writing, drawn upon the Colorado

State Bank, of Walsh, Colo., in the sum of $29.23, payable to the order of the Johnson Oil Company, knowing at the time. of the making, drawing, uttering and delivering of said check, that he had no funds on deposit in, or credits with, said bank with which to pay said check upon presentation, which said check is as follows, to wit:

" 'WALSH, COLORADO, 9-12-1930. No.——
THE COLORADO STATE BANK   (82-359)
     Pay to the order of Johnson Oil Co. (29.23)  twenty-nine and 23-100 dollars.
          Short 11-3-30.                         OMER GOODRICH.'

contrary to the form of the statute, in such case made and provided, and against the peace and dignity of the state of Kansas."

Defendant insists that the information was insufficient in that it failed to state that the defendant knew at the time of the issuance of the check that he had no funds on deposit in the bank and, also, a failure to fully allege the manner of presentation and lack of funds or credit. The statute creates the offense and sets out the facts which constitute it. It provides:

"It shall be unlawful for any person, corporation, or partnership, to draw, make, utter, issue or deliver to another any check or draft on any bank or depository for the payment of money or its equivalent, knowing, at the time of the making, drawing, uttering or delivery of any such check or draft as aforesaid that he has no funds on deposit in or credits with such bank or depository with which to pay such check or draft upon presentation." (R. S. 21-554.)

The defendant, it will be seen, is charged with willfully and unlawfully drawing, issuing and delivering to the Johnson Oil Company his check in writing of a certain amount upon a named bank, knowing at the time that he had no funds or deposits in or credits with that bank to meet the check upon presentation. It was charged that the check was delivered on the 12th day of September, 1930, and the information appears to sufficiently state the essential elements of the offense defined by the statute. It was not necessary, as defendant contends, that the state should allege the details of the manner of presentation. It was alleged that upon presentation to the bank payment was not made because there were no funds on deposit or credits with which to make payment. It may be said that it was shown without dispute that it was presented to the bank on which it was drawn on the day it was issued and delivered to the Oil Company, and that it was not paid because the defendant had no funds or credits in the bank to meet it.

Something is said about the absence of an allegation of an inten-

tion by defendant to defraud the party to whom the check was given, but it has been held· in *State v. Avery,* 111 Kan. 588, 207 Pac. 838, that under the worthless-check act an intention to defraud or the accomplishment of a fraud are not elements of the offense and that the legislature, for the protection of the public interest, had power to require persons issuing and delivering checks to act at their peril and that they may be punished for doing the forbidden act without regard to a specific intent to defraud or a motive to effect a fraud upon the party to whom the check was given.

Aside from the consideration that the principal elements of the offense were stated in the information it has been frequently ruled that when an offense is created by statute which sets out the facts constituting the offense and the information states the essential facts constituting it, the charge is sufficient if it is made in the language of the statute. · *State v. Seely,* 65 Kan. 185, 69 Pac. 163, decided that:

"Where a statute in· creating an offense specifically sets out the facts constituting such offense, an indictment or information charging the commission of that offense in the language of the statute is sufficient." (Syl.)

See, also, *State v. Buis,* 83 Kan. 273, 111 Pac. 189; *State v. Johnson,* 116 Kan. 390, 226 Pac. 758; *State v. Avery,* 111 Kan. 588, 207 Pac. 838; *In re Myers,* 119 Kan. 270, 237 Pac. 1026; *State v. Oliver,* 129 Kan. 719, 284 Pac. 357.

It is also suggested that the information should have been quashed for the reason that the clerk of the district court failed to affix his seal to the jurat and, therefore, the information was not properly verified. It is said that this matter was not brought to the attention of the court on the motion to quash, but if it be granted that it was, it is not such a defect as to prejudice the substantial rights of the defendant or furnish a ground for a reversal. (*State v. Foulk,* 57 Kan. 255, 45 Pac. 603.) See, also, *Gordon v. Bodwell,* 59 Kan. 51, 51 Pac. 906. There was no error in overruling the motion to quash the information.

Defendant complains that evidence offered by him was rejected. It was along the line that if the check had been placed in a local bank and transmitted through a clearance process, some time would have·elapsed before it would have reached the bank on which it was drawn and defendant might then have had money in that bank to meet it. It was not necessary that the check should be cleared through a clearing-house process. The bank·to which the check was

given was only a short distance from the place where it was given and it was presented on the day it was delivered. It was shown beyond dispute that there were then no funds or credits in that bank to take care of the check. Testimony as to the clearance process offered by defendant was not material or admissible, and there was no error in excluding it.

Some other objections are made by the defendant, which have been examined and found to be without materiality or merit. While it was argued that the evidence did not justify the judgment, it is clear that it is abundantly supported, and in fact we have only the testimony of the state, as no more has been preserved in the record. It is admitted that other evidence was produced by the defendant, but we have no opportunity to know what it was. Defendant has chosen to rest his appeal on part of the testimony and is not in a position to contend that the evidence does not support the findings and judgment. In order to review the evidence upon which the trial court acted in refusing the motion for a new trial, we should have all the evidence or an agreed statement that no other material evidence than is produced was given. That which is in the record warrants the judgment.

The judgment is affirmed.