No. 32,081

The State of Kansas, *Appellee*, v. W. E. Fleming, *Appellant*, (P. F. Dobson et al., *Defendants*).

(37 P. 2d 12)

Opinion
filed November 3, 1934.

*Alvin R. Springer,* of Manhattan, *Edgar Bennett,* of Washington, and *Guy L. Hursh,* of Topeka, for the appellant.

*Roland Boynton,* attorney-general, *E. E. Steerman,* assistant attorney-general, *L. W. Rosenkranz* and *Scott Pfuetze,* county attorneys, for the appellee; *Hart Workman* and *Forrest D. Smythe,* both of Topeka, of counsel.

The opinion of the court was delivered by

Burch, J.: W. E. Fleming was charged with others with violating the speculative securities act and, on a separate trial, was convicted. He appeals.

Defendant was charged in one count of the information with sale of unregistered shares of corporate stock of the Corgona Gold Mining Company to J. E. Morgan, and in another count with selling the securities without being registered as agent. The evidence disclosed a transaction similar to the one considered in the case of *State v. Dobson,* ante, p. 445, just decided. Defendant was found guilty on each count, and was separately sentenced on each count. Defendant contends that whatever he did constituted but one transaction, for which he could be subjected to but one punishment. The contention is fallacious.

The transaction with Morgan had separate and distinct characteristics, each of which, independently of the other, was the gravamen of a separate and distinct offense denounced by the statute. The only common element of the two offenses was sale of securities. That was unlawful only because of something else. Illegitimacy

of the securities corrupted the transaction in one way. Disqualification of the seller corrupted the transaction in a different way. It was immaterial to the offense of selling unregistered securities that the agent was or was not registered. It was immaterial to the offense of selling by an unregistered agent that the securities were or were not registered. There was no identity of criminal ingredient and, that being true, defendant was properly prosecuted, convicted, and sentenced for each violation of the law involved in the single sale transaction.

The case of *State v. McLaughlin*, 121 Kan. 693, 249 Pac. 612, is cited and relied on by defendant. In that case defendant was convicted of being intoxicated in a public place, a public street, and of operating an automobile on a public street while intoxicated. The case presented a situation the converse of the one now under consideration. There was nothing wrongful in defendant's being in a public place or in driving an automobile in that place. What made his conduct unlawful was the single fact he was intoxicated. That was the vital incriminating element in the two offenses, and it was held he could be punished but once.

Other questions presented are disposed of by the decision in the case of *State v. Dobson*, referred to above.

The judgment of the district court is affirmed.