No. 32,851

THE STATE OF KANSAS, *Appellee*, v. WALTER G. BARR, *Appellant.*

(59 P. 2d 33)

Opinion filed July 3, 1936.

*David Ritchie* and *A. R. Buzick, Jr.*, both of Salina, for the appellant.

*Clarence V. Beck*, attorney general, *Theo. F. Varner*, assistant attorney general, *Sanford Manker*, county attorney, *Hart Workman*, of Topeka, for the appellee; *Karl W. Root*, of Topeka, of counsel.

The opinion of the court was delivered by

THIELE, J.: Defendant appeals from a conviction on three counts

of an information charging violation of the statute with reference to the sale of securities. (Laws 1929, ch. 140, as amended by R. S. 1933 Supp. 17-1223 *et seq.*)

The counts on which conviction was had may be summarized as follows: The first count charged defendant with sale of a security denominated "Banner Production Co. No. 2; $10,000, Oil Payment Assignment," the said security not being registered, and the sale being made in the course of repeated and successive sales, etc.

The third count charged the sale of another security of the same issue as in count 1, the defendant being charged as an unregistered agent as defined in the above statute.

The seventh count charged defendant with sale of stock in "International Mining & Milling Company," of Arizona, the security not being registered, and the sale being made in the course of repeated and successive sales, etc.

Defendant complains the trial court erred in overruling his motion to quash the various counts of the information, particularly the third count, and it is to this count he confines his argument. We shall so limit our consideration of the complaint, which is that to charge agency of the defendant the facts must be fully pleaded. It is true the information did not set out the name of the agent's principal, but it did clearly charge defendant with being an agent as defined in R. S. 1933 Supp. 17-1223; that he sold the security set out in full in that particular count, and that at the time of the sale he was not registered as an agent. Of course, it would not have made the count bad had it contained a statement as to who the principal was, but as prepared it charged the offense in the language of the statute, in part by reference to the statute. Ordinarily that is sufficient. (See State v. *Goodrich,* 136 Kan. 277, 15 P. 2d 434, and State v. *Richardson,* 137 Kan. 38, 19 P. 2d 735, and cases cited. And see State v. *Dobson,* 140 Kan. 445, 37 P. 2d 10, and State v. *Fleming,* 140 Kan. 464, 37 P. 2d 12, where sufficiency of informations under the securities act was discussed and convictions under similar counts were upheld.) Defendant had a preliminary hearing and was well aware of the charge against him. In our opinion the alleged crime having been charged in the language of the statute, the information was sufficient. On trial, defendant admitted that the securities in question had never been registered in the manner provided by statute and that defendant

had never been licensed as a broker or as an agent for the purpose of selling securities.

It is contended the various sales were isolated sales and there was no proof they were made in the course of repeated and successive sales of the same issue, etc. It would extend this opinion unduly to set out all of the testimony tending to prove successive sales. Briefly stated, there was evidence to show that commencing in February, 1934, defendant attempted to sell securities to one Anna Carney, and that after repeated solicitation in which he told her he was a salesman for the Banner Production Company, he sold in exchange for building and loan stock, the particular security charged in count 1. The evidence as abstracted is not clear, but about the same time he sold her the security of the same issue charged in count 3. He continued to solicit her for trades, and in July he sold her in exchange for stock of the H. D. Lee Mercantile Co. another oil-payment assignment of the Banner Production Co. No. 2. All of these securities were in evidence and are of the same issue. As to count 7, it was shown that shortly prior to September 7, 1934, in exchange for Kansas Power & Light Company bonds, defendant sold Mrs. Carney the mining stock. Thereafter, and later in the same month, he sold her 1,000 more shares in the same company for cash. We shall not detail other evidence corroborative of the above, nor as to other stocks or securities which Mrs. Carney got from the defendant. There was ample evidence to warrant the jury's conclusion the sales were not exempt as being isolated sales not made in the course of repeated and successive sales of securities of the same issue.

It is also urged that as to the third count there was no proof defendant was an agent. Mrs. Carney testified defendant told her he was a salesman for the Banner Production Company. He denied it. Under R. S. 1933 Supp. 17-1223 (6), "salesman" shall mean agent as defined in the statute. The question was whether the jury should believe Mrs. Carney or the defendant. It believed Mrs. Carney, and that ended the matter.

Defendant also contends the trial court erred in refusing to give requested instructions, and in giving certain instructions. Defendant requested ten instructions. Of these the first six and the tenth pertained to repeated and successive sales. The seventh pertained to brokers and by its terms was limited to counts 2, 5, 8 and 11, none of which is involved in this appeal. The eighth included a defi-

nition of agent, and the ninth was that securities must be issued by the owner and put into circulation generally. The trial court gave an instruction with reference to isolated sales being exempt in which it included the statutory definition. It was sufficient. When referring to the three specific counts, he did not repeat in full that language. It was not necessary. Instructions are to be taken as a whole, and so taken the jury was sufficiently advised. The instructions as given covered the first six and the tenth requests of defendant. The court gave an instruction defining agent in the terms of the statute. This, coupled with the statements as to agency in the instructions with reference to the third count fully covered defendant's requested eighth instruction. In this connection, it is argued the particular security belonged to one Kreigh who was present when it was sold, that it was an isolated sale and defendant had nothing to do with it. The difficulty with the argument is that Mrs. Carney testified that Barr sold her the stock and that she paid him for it, and canceled checks were introduced. Further she stated that Barr ultimately delivered the certificate of stock to her. The instructions on this phase of the matter were sufficient. The failure to give the ninth requested instruction is not mentioned in defendant's brief. The instructions given were proper and sufficient.

It is also contended there is not substantial evidence to warrant the verdict and judgment. Heretofore we have stated enough of the evidence to demonstrate the contention is not good. An examination of the abstract and counter abstract shows an abundance of evidence to warrant the verdict and judgment.

And, finally, it is argued that the so-called securities act, insofar as sales of securities by individual bona fide owners are concerned, either in isolated or repeated and successive sales, is in violation of the 5th and 14th amendments to the United States constitution. A careful search of the record as abstracted does not disclose this contention was ever presented to the trial court. We shall not comment on this contention further than to call attention to the annotation in 87 A. L. R. 42, covering the field of blue-sky laws, wherein it is said:

"All question as to the validity of legislation of this kind, so far as the provisions of the federal constitution are concerned, was put at rest in *Hall v. Geiger-Jones Co.*, (1917) 242 U. S. 539, 61 L. Ed. 480, 37 S. Ct. 217, L. R. A. 1917F, 514, Ann. Cas. 1917C, 643 (reversing [1916; D. C.] 230 Fed. 233) (Ohio act); *Caldwell v. Sioux Falls Stock Yards Co.* (1917) 242 U. S. 559, 61 L. Ed. 493, 37 S. Ct. 224 (South Dakota act); *Merrick v. N. W. Halsey & Co.*, (1917) 242 U. S. 568, 61 L. Ed. 498, 37 S. Ct. 227 (reversing [1915; D. C.] 228 Fed. 805) (Michigan act).

"These cases in effect overrule *Alabama & N. O. Transp. Co. v. Doyle,* (1914; D. C.) 210 Fed. 173 (Michigan act); *William R. Compton Co. v. Allen,* (1914; D. C.) 216 Fed. 537 (Iowa act); and *Bracey v. Darst,* (1914; D. C.) 218 Fed. 482 (West Virginia act), wherein it was thought that such legislation was unconstitutional, as unduly restricting liberty of contract. The supreme court reached its conclusion on the theory that the laws there involved bore some reasonable relation to the subject of preventing fraud in the sale of corporate securities." (p. 45.)

No error in the trial has been shown, and the judgment of the trial court is affirmed.