NOT DESIGNATED FOR PUBLICATION

No. 121,309

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of
CIARA A. BAILEY,
*Appellee*,

and

BRIGHAM J. BAILEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Pottawatomie District Court; JEFFREY R. ELDER, judge. Opinion filed January 8, 2021. Affirmed.

*Brigham J. Bailey*, appellant pro se.

No appearance by appellee.

Before ARNOLD-BURGER, C.J., POWELL and GARDNER, JJ.

PER CURIAM: Ciara A. Bailey petitioned for divorce from her husband, Brigham J. Bailey. Brigham, who was incarcerated because he had abused their minor child, claimed that he was not properly served with the divorce paperwork. Brigham moved for a continuance, arguing that he needed more time because of the lack of proper service. The district court denied Brigham's motion, finding that he was properly served. The district court granted the petition for divorce and awarded Ciara full custody of the minor child. The court also ordered Brigham to pay child support.

1

On appeal, Brigham argues: (1) he was not properly served, (2) the court erred when it denied his motion for a continuance, (3) the court erred when it ordered him to pay child support, and (4) the court erred by considering his conviction during the divorce proceedings. Ciara did not file a brief on appeal. Finding no error, we affirm.

FACTUAL AND PROCEDURAL HISTORY

In December 2018, Ciara petitioned for divorce from her then husband—Brigham. The petition noted that Brigham was incarcerated at the Norton Correctional Facility and provided his contact information. In the petition, Ciara stated that the couple had one child in common and requested sole custody of the child. In an attached proposed parenting plan, Ciara noted that Brigham was "currently incarcerated for deliberately shaking and dropping the minor child when she was only 3 months old."

A summons for Brigham was filed with the district court in December 21, 2018. A return of service, filed with the district court on January 25, 2019, stated that "SAS Smothers" personally served Brigham with the summons, petition for divorce, domestic relations affidavit, proposed parenting plan, and affidavit pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act on January 3, 2019. After the divorce decree was entered, Smothers signed an affidavit stating that he personally gave the documents to Brigham.

A notice for the final hearing, scheduled for February 25, 2019, was filed on February 12, 2019. On February 21, 2019, Brigham filed a pro se motion for continuance where he claimed that he was not properly served.

Brigham was not present for the February 25, 2019 hearing. At that hearing, the district court denied Brigham's motion for continuance after finding that there was sufficient evidence to show that Brigham was "duly served and notified of this action."

2

On February 27, 2019, the district court entered its decree of divorce. The district court determined that Brigham was properly summoned on January 3, 2019, and was in default. The court granted Ciara sole custody of the minor child, noting that Brigham was incarcerated for shaking and dropping the child. The court also ordered Brigham to pay $107 in child support per month.

Brigham filed a timely notice of appeal. He also filed other pleadings, such as a request for a transcript, but he failed to provide correct payment, so the record does not contain a transcript of the hearing.

ANALYSIS

On appeal, Brigham argues:  (1) the district court lacked jurisdiction because of insufficient service of process, (2) the court erred in denying his motion for continuance, (3) the court erred in ordering child support, and (4) the court erred by considering his prior conviction during the proceedings. Ciara did not file a brief.

*The district court did not lack jurisdiction due to insufficient service.*

Brigham essentially argues that he was not properly served under the relevant statutes, thus, the district court lacked jurisdiction over the case.

To the extent this issue involves the interpretation of a statute, this court exercises unlimited review. *Nauheim v. City of Topeka*, 309 Kan. 145, 149, 432 P.3d 647 (2019).

We review the district court's factual findings for substantial competent evidence. *Hodges v. Johnson*, 288 Kan. 56, 65, 199 P.3d 1251 (2009). Substantial competent evidence refers to legal and relevant evidence that a reasonable person could accept as

being adequate to support a conclusion. *Geer v. Eby*, 309 Kan. 182, 190, 432 P.3d 1001 (2019).

Under Kansas law, once a petition is filed, the court clerk must issue a summons for each defendant. K.S.A. 2019 Supp. 60-301. "The summons must be signed by the clerk, dated the day it is issued and bear the court's seal. The summons is sufficient if in substantial compliance with the form set forth by the judicial council." K.S.A. 2019 Supp. 60-302. Additionally, K.S.A. 2019 Supp. 60-204 states:

> "Substantial compliance with any method of serving process effects valid service of process if the court finds that, notwithstanding some irregularity or omission, the party served was made aware that an action or proceeding was pending in a specified court that might affect the party or the party's status or property."

In this case, the district court found that "[Brigham] has been duly and legally summoned and notified of the pendency of this action by personal service via sheriff on the 3rd day of January 2019." There is substantial competent evidence in the record to support that finding. A return of service, signed by "SAS Smothers" indicates that Smothers personally served Brigham with the required documents on January 3, 2019.

The summons itself, issued on December 21, 2018, bears the electronic signature of the district court clerk and was electronically filed with the district court on the same day. The record is not entirely clear whether the summons "bear[s] the court's seal" as contemplated by the statute. K.S.A. 2019 Supp. 60-302. However, the statute and the Kansas Supreme Court acknowledge that substantial compliance with the notice process can be sufficient even if there are irregularities or omissions within the process. K.S.A. 2019 Supp. 60-302; *Fisher v. DeCarvalho*, 298 Kan. 482, Syl. ¶¶ 2-3, 314 P.3d 214 (2013).

4

In *Fisher*, the Kansas Supreme Court held that a plaintiff's substantial compliance with a statutory method of serving process effects valid service of process, even if there is some irregularity or omission, if the court finds that the party served was made aware that an action or proceeding was pending against him or her in a specified court in which his or her person, status, or property was subject to being affected. 298 Kan. 482, Syl. ¶ 2. Substantial compliance means "compliance in respect to the essential matters necessary to assure every reasonable objective of the statute." 298 Kan. 482, Syl. ¶ 3: see also K.S.A. 2019 Supp. 60-204 (addressing substantial compliance).

Assuming, without finding, that the summons did not bear the court's seal, the question then becomes whether there was substantial compliance with a statutory method of serving process on Brigham. In this case there was. The summons was personally served to Brigham while he was incarcerated. Under K.S.A. 2019 Supp. 60-205(b)(2)(A), "[a] paper is served . . . by [h]anding it to the person." The record shows that SAS Smothers personally handed the documents to Brigham. As for the summons, it clearly gave Brigham notice of the essential matters necessary to assure the reasonable objectives of the statute. The summons included his name, where he could file his answer, the time he had to do so, the court the action was taking place in, the clerk's signature, and the date it was filed and signed. The court's seal is not visible in the record on appeal, but the Kansas Supreme Court has held that is not fatal to the process.

In *Dexter v. Cochran*, 17 Kan. 447 (1877), the Kansas Supreme Court was tasked with determining whether the lower court lacked jurisdiction because the seal of the court was not attached to the original summons. The court noted that the lower court found that personal service was made upon the defendants as required by law. The court held that the finding was evidence of the legal authenticity of the summons and that the presumption for good service was "not overthrown by the fact that in the record presented no copy or mark of a seal is annexed to the summons therein set forth." 17 Kan. at 450.

5

As the court noted, the passage of time could have removed a seal that was present at the time the summons was served. 17 Kan. at 450.

Here, the district court found that the personal service on Brigham was good. There is substantial competent evidence to support that finding. Even if there were irregularities or omissions in the service or summons, there was substantial compliance with the statutory requirements. The lack of a seal on the summons in the record of appeal is not fatal to the lower court's jurisdiction. See 17 Kan. at 450.

Brigham points to other defects, or alleged defects, in the process. For example, he argues that under K.S.A. 2019 Supp. 60-312(d), a return of service must be filed "not later than 14 days after the service is effected." The return of service in this case was filed outside that 14 day time limitation. But as this court noted in *Cook v. Freeman*, 16 Kan. App. 2d 555, 560, 825 P.2d 1185 (1992), "the fact of service establishes jurisdiction and that a technical defect in the return of service, which does not impair the substantial rights of a defendant, should not defeat that service." The court went on to state that "[t]o hold otherwise would be to place form above substance" and declined to do so. 16 Kan. App. 2d at 560. Brigham's other arguments regarding the service of process follow similar lines, picking at technicalities within the statute and the process. But the fact remains that the district court found that Brigham was personally served and Brigham fails to prove that the district court erred in its finding. Nor does Brigham explain how the alleged technical defects impaired his substantial rights.

Based on the evidence before this court, the district court had jurisdiction over Brigham in this case.

Brigham next argues that the district court erred when it denied his motion for a continuance.

*The district court did not err by denying Brigham's motion for a continuance.*

Under K.S.A. 2019 Supp. 60-240(b) a district court has authority to "continue an action at any stage of the proceedings on just terms." Appellate review turns on whether the district court abused its discretion in its ruling on the motion. K.S.A. 2019 Supp. 60-240(c)(3) (the grant or denial of a continuance "is discretionary in all cases"); *Miller v. Glacier Development Co.*, 284 Kan. 476, 494, 161 P.3d 730 (2007).

A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *Biglow v. Eidenberg*, 308 Kan. 873, 893, 424 P.3d 515 (2018).

Brigham argues that the district court abused its discretion when it denied his motion for continuance because, as Brigham puts it, he was not served. However, as has already been discussed, the district court determined that Brigham was properly served in early January 2019. Brigham's motion for continuance advanced the same argument that he makes here—that he was not served. He did not make any other assertion that would warrant a continuance. Given that the district court found Brigham's assertion unpersuasive, it seems reasonable that the court denied his motion for a continuance. Brigham had a chance to timely respond and failed to do so. Based on the evidence before this court, this court cannot say that the district court's decision was arbitrary, fanciful, or unreasonable. Nor was the decision based on an error of law or an error of fact. Thus, the district court did not abuse its discretion when it denied Brigham's motion for continuance. See *Miller*, 284 Kan. at 494.

*The district court did not err by ordering Brigham to pay child support.*

Parental child support obligations in a divorce action are governed by statute and guidelines established by our Supreme Court. See generally K.S.A. 2019 Supp. 23-3001

7

et seq. (governing court's obligation and authority to make provisions for child support); K.S.A. 2019 Supp. 20-165 (mandating Supreme Court to adopt rules establishing child support guidelines); Kansas Child Support Guidelines (2020 Kan. S. Ct. R. 93).

The interpretation of the Kansas Child Support Guidelines and applicable statutes is a question of law subject to unlimited review. *In re Marriage of Dean*, 56 Kan. App. 2d 770, 773, 437 P.3d 46 (2018).

Brigham first argues that the district court erred by granting child support because he would have contested paternity below. But, as already discussed, Brigham failed to file an answer in the action below and was found in default. There is no evidence in the record to support his point that he would have argued paternity or whether there was any chance for success if he had been allowed to make such an argument. He cannot rely on this argument now on appeal. See *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, 403, 266 P.3d 516 (2011) (issues not raised before district court cannot be raised on appeal).

Brigham also points out that his parental rights over the minor child have been terminated. He does not seem to tie this point to any argument, but presumably he is arguing that he should not be forced to pay child support for a child after his parental rights have been terminated. But the record does not show that his parental rights have been terminated. The case he references in his brief, Geary County case No. 2016 JC 126, is not present in the record on appeal.

If Brigham is correct and his parental rights were terminated, he might have an argument that he is not liable to pay child support. In *State ex rel. Secretary of SRS v. Bohrer*, 286 Kan. 898, Syl. ¶ 8, 189 P.3d 1157 (2008), the Kansas Supreme Court held that an "involuntary termination of parental rights effects a complete and final divestment of all legal rights, privileges, duties, and obligations of the parent. The parent whose rights have been severed is relieved of all duties and obligations to the child."

Before reaching its holding the Supreme Court noted that a parent has a common-law duty to support his or her minor children, regardless of any statute imposing a support obligation. Typically, the common-law duty of support exists until the child reaches his or her majority, or until the death of the child or the parent. However, if a parent's parental rights are terminated, that common-law duty ends. 286 Kan. at 906.

However, Brigham did not raise this potential issue before the district court in a timely answer nor did he allude to it in his motion for continuance. And as stated above, there is no evidence in the record, beyond Brigham's assertion, that his parental rights have been terminated. Thus, this court cannot do anything to provide him relief—even if it is warranted—in this case. He would need to pursue this with the district court through a motion to modify his child support.

*The district court did not err by considering Brigham's conviction during the divorce proceeding.*

For his final issue on appeal, Brigham argues that the district court erred because it considered his no contest plea and conviction in a criminal case involving shaking and dropping the minor child.

Generally speaking, admission of evidence involves several legal considerations: determining relevance; identifying and applying legal principles including rules of evidence; and weighing prejudice against probative value. *Biglow*, 308 Kan. at 892. All relevant evidence is admissible unless it is prohibited by statute, constitutional provision, or court decision. See K.S.A. 60-407(f); *Nauheim*, 309 Kan. at 153. Evidence is relevant if it has "any tendency in reason to prove any material fact." K.S.A. 60-401(b). Evidence is material when the fact it supports is in dispute or in issue in the case. *Kansas City Power & Light Co. v. Strong*, 302 Kan. 712, 729, 356 P.3d 1064 (2015).

9

Most of Brigham's argument centers around the idea that a no contest plea, or a conviction, is not admissible in any other case. However, the cases he cites do not support his point in this situation. For example, he cites to *Patrons Mut. Ins. Assoc. v. Harmon*, 240 Kan. 707, 711-12, 732 P.2d 741 (1987), for the premise that "[a] finding of guilt is inadmissible and is limited to the criminal case only." But the holding in *Harmon* is much more limited.

*Harmon* dealt with a minor son seeking insurance proceeds against his father in a wrongful death action where the mother was the deceased. A jury found the father guilty of voluntary manslaughter in a criminal case. During the proceedings on the civil claim, the judge found that, as a matter of law, the father negligently killed the mother. The appellate court was tasked with deciding whether the determination that the father was criminally guilty was admissible in the wrongful death case.

The Kansas Supreme Court held that it was not, noting that

"[a] plea of nolo contendere or a finding of guilt in a criminal action is not an admission of the act charged and is limited to the case where the plea of nolo contendere or the finding of guilt is entered and cannot, therefore, *be used as evidence as an admission in a subsequent civil case*." (Emphasis added.) 240 Kan. at 711-12.

The issue here is that evidence of Brigham's conviction was not used as an admission of guilt. There was no later legal liability that was tied to his earlier conviction. Instead, his conviction was merely evidence that was relevant to the divorce and child custody determination. See K.S.A. 2019 Supp. 23-3203(a) (listing nonexclusive factors that can be considered when determining legal custody of a child); see also *State v. Fisher*, 233 Kan. 29, 34-35, 661 P.2d 791 (1983) (noting that a no contest plea cannot be used as an admission in any other action, but for all other purposes the conviction is just like any other conviction).

10

Additionally, Brigham's assertion that "he was forced to accept a plea of nolo contendere from the state" is irrelevant on appeal. The fact remains that he was convicted of a crime related to injuring the minor child who was the subject of the custody dispute.

Affirmed.