### THE CITY OF KINSLEY v. AUGUST SIRE.

CRIMINAL CASE—*Appeal—Defective Transcript.* Upon an appeal to the supreme court, taken by the state or city from a judgment of the district court quashing an indictment, information, or complaint, a full and complete transcript of all the proceedings in the district court is essential.

*Appeal from Edwards District Court.*

THE opinion states the case.

*W. H. Robb,* for plaintiff in error.

*Fred. Dumont Smith,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: August Sire was prosecuted by the city of Kinsley for talking loudly on the public streets, and for publicly using profane and obscene language, in violation of a city ordinance. In the district court the sufficiency of the charge was questioned, and a motion to quash the complaint was sustained. Although leave was given to amend the complaint, no amendment was made, but the state has attempted to appeal from the ruling of the court quashing the complaint. The defendant calls our attention to a defect in the record and insists upon a dismissal of the appeal. The certificate attached to the record fails to show that it is a complete transcript of the proceedings in the district court. This is a fatal omission.

The statute provides that appeals may be taken by the state in three cases: First, upon a judgment quashing or setting aside an indictment or information; second, upon an order of the court arresting the judgment; and, third, upon a question reserved by the state. (Crim. Code, § 283.) Upon the third ground of appeal, a complete transcript of all the proceedings is not required. This is the only case providing for an abridgment of the record, and the present appeal does not apply to this class. (Crim. Code, § 288.) It was taken upon the first ground authorizing an appeal by the state, and nothing short of a full and true transcript of all the proceedings is sufficient. The appeal must therefore be dismissed.

All the Justices concurring.