THE STATE OF KANSAS V. CHARLES M. FORLINE.

1. APPEAL — *Review.* It devolves upon appellant who alleges error to bring to this court so much of the evidence and proceedings of the trial court as will affirmatively show that prejudicial error was committed.

2. EVIDENCE — *Sufficiency.* The sufficiency of the evidence to sustain the finding or verdict cannot be reviewed, in the absence of all the evidence that was offered in support of the same.

3. DEFECTIVE RECORD — *Judgment, not Reversed.* A judgment will not be reversed in such a case because of rulings upon instructions, when there is no statement in the record that the testimony tended to sustain any particular claim or theory, nor anything to show that the objectionable rulings may not have become unimportant on account of that which was omitted from the record.

*Appeal from Osborne District Court.*

PROSECUTION for robbery. The opinion herein, filed October 6, 1894, states the material facts.

*Robinson & McBride,* and *Smith & Nicholas,* for appellant.

*John T. Little,* attorney general, *M. E. Smith,* county attorney, and *J. K. Mitchell,* for The State.

The opinion of the court was delivered by

JOHNSTON, J.: Charles M. Forline filed a complaint and instituted a prosecution against seven persons, charging them with robbery in the third degree. At the trial the jury were instructed that the evidence was insufficient to sustain the charge, and the court directed that a verdict of not guilty should be rendered. A hearing was had upon the question whether there was probable cause for instituting the prosecution, and as to the motives of the complaining witness, and, after the jury had been instructed upon that question, it found that the prosecution was instituted without probable cause and from malicious motives. Upon this finding, the court adjudged that Forline should pay the costs of the prosecution. He appeals from this finding and judgment, and the principal objections discussed arise upon the testimony.

The transcript first brought here shows that it contains all the evidence upon the question of whether the prosecution was instituted without probable cause and from malicious motives. The question being raised as to the sufficiency of the record, the parties stipulated that the original bill of exceptions should be substituted for the copy, and upon an examination of the original it is disclosed that all the testimony is not preserved, and no statement is contained in the record as to the character of the testimony omitted. It is therefore impossible for this court to review the testimony or to determine what was established by it. The condition of the record also precludes a review of the rulings upon the instructions which were given or refused. There is no statement in the record that the testimony tended to sustain any particular claim or theory, nor anything to show that the objectionable rulings may not have become unimportant on account of that which was left out of the record. Some of the instructions may have been correct in the abstract, but something in the omitted testimony may have rendered them inapplicable and immaterial. Even if some of those given were incorrect in some particular, the error may have become immaterial by the admissions or concessions of the appellant. As he alleges error, it devolves upon him to bring to this court enough of the proceedings and evidence to affirmatively show that there was error and that it was prejudicial. If he admitted that he began the prosecution without cause and to gratify a spiteful feeling which he entertained toward the defendants, the errors complained of, if there were any, would be immaterial. We cannot overthrow the judgment unless it affirmatively appears from the record that prejudicial error was committed, and the record which appellant brings here is insufficient to overcome the presumption which prevails in favor of the correctness of the rulings of the trial court. (*Insurance Co. v. Curry*, 44 Kas. 741.) The judgment will be affirmed.

All the Justices concurring.