THE STATE OF KANSAS v. JOSEPH LEWALLEN.

1. CRIMINAL CASE, *Might Properly be Dismissed.* The document brought up for review being apparently a bill of exceptions, and nothing more, the case might properly be dismissed, and would be if insisted on by the state.

2. EVIDENCE—*Defective Record.* As it does not affirmatively appear that the document called a record contains all the evidence, we cannot say that the defendant did not counsel, aid or abet the original taking of the hog.

3. ·INSTRUCTION—*Aiding in Commission of Offense.* An instruction that if the jury should find that the defendant conspired and confederated with other persons for the commission of the alleged crime, and that he did in any way aid or abet in its commission, either by counsel, assistance, or concealment, he might be convicted, is not properly subject to the criticism that under it the jury would be authorized to convict where there was no evidence showing any connection of the defendant with the original taking..

*Appeal from Finney District Court.*

JOSEPH LEWALLEN was convicted of hog stealing. He appeals. The opinion, filed October 5, 1895, states the case.

*G. Lynn Miller,* for appellant.

*F. B. Dawes,* attorney general, *B. F. Stocks,* county attorney, and *H. F. Mason,* for The State.

The opinion of the court was delivered by

MARTIN, C. J.: I. The record in this case is very unsatisfactory in form. It purports to be from beginning to end, including the judgment and the notice of appeal, only a bill of exceptions, thus apparently excluding the idea that there would be any record in the case except for the bill of exceptions. It even contains the original signature of the judge, although it is certified by the clerk as a transcript of the record. We would probably be justified in dismissing the case, but, as no point is made on the form of the record by counsel for the state, we have concluded to look into it.

II. The defendant was charged with stealing a hog of the value of $10, being the personal property of H. M. Knox, on January 15, 1895. He was convicted at the February term, 1895, and sentenced to imprisonment in the penitentiary for two years and a half. The evidence tended to show that the hog was stolen and killed by David Fluke, James Davis and the defendant's son in the night-time, and that it was thereafter taken to the defendant's house, where it was dressed, and that the next morning the defendant assisted in cutting it up and concealing it in a barrel of shelled corn. It is claimed that the evidence does not show that the defendant either counseled, aided or abetted in the original taking of the hog, and when it was brought to his house it was not the subject of grand larceny without respect to value, having been at the time transformed into pork. If the record

should plainly show that we have all the evidence before us, there might be force in this claim, but it is not affirmatively shown that the record contains all the evidence ; hence he may have counseled, aided, or abetted the taking, and, if so, might lawfully be charged, tried and convicted as if he were a principal. (Code, Crim. Proc., § 115.)

III. The defendant complains of the following instruction :

"If, therefore, in this case you should find beyond a reasonable doubt that the defendant, Joseph Lewallen, conspired and confederated with other persons for the commission of the crime alleged in the information, and that he did in any way aid or abet in its commission, either by counsel, assistance, or concealment, then he is guilty as though he had himself, without assistance, committed the offense.''

In commenting upon this instruction, counsel for the defendant say :

"Under the circumstances of this case, the above instruction authorized the jury to convict the defendant of a felony where there was no evidence showing any connection of the defendant with the original taking.''

We do not take this view of the instruction.  It only authorized the jury to convict if they found beyond a reasonable doubt that the defendant conspired and confederated with other persons for the commission of the crime, and that he aided or abetted in its commission, either counseling, assisting, or concealing.

The judgment of the district court will be affirmed.

All the Justices concurring.