THE STATE OF KANSAS v. OSSO TERRESO.

No. 10359.

NEW TRIAL—*Former Jeopardy—Waiver.* The defendant was prosecuted upon a charge of making an assault upon another with a deadly weapon with intent to kill, and upon a trial a verdict was returned finding him guilty of wounding and endangering the life of another under circumstances which would have constituted manslaughter in the fourth degree if death had ensued therefrom. The defendant moved for and obtained a new trial, and before he was placed upon trial the second time he presented a plea alleging that the proceedings first had were a bar to any further prosecution upon the charge made against him, but the plea was overruled. *Held,* That the verdict first rendered was not an absolute nullity, and that as the new trial was granted at the request of the defendant he waived his right to plead former jeopardy.

*Appeal from Wyandotte District Court.*

Osso TERRESO, convicted of an assault with a dangerous weapon, appeals. The facts are stated in the opinion, filed November 9, 1895.

*F. E.* and *J. A. Smith,* for appellant.

*F. B. Dawes,* attorney general, *Samuel C. Miller,* county attorney, and *I. F. Bradley,* deputy county attorney, for The State.

The opinion of the court was delivered by

JOHNSTON, J. : Osso Terreso was prosecuted upon an information which charged that at a certain time and place he

"did unlawfully, feloniously, purposely, and with his deliberate and premeditated malice, make an assault in and upon Fannie Nesbit, with a deadly and dangerous weapon, to wit, a certain revolving pistol, loaded with powder and leaden balls, which the said Osso Terreso then and there in his right hand did hold, with the intent him, the said Osso Terreso, then

and there and thereby her, the said Fannie Nesbit, to unlawfully, feloniously, purposely, and with his deliberate and premeditated malice to kill and murder,'' etc.

At the trial the jury found the defendant guilty of wounding and endangering the life of Fannie Nesbit, under circumstances which would have constituted manslaughter in the fourth degree if her death had ensued therefrom.  The defendant moved for a new trial, and among the grounds alleged was that the verdict found him guilty of an offense other than that charged in the information, which motion was by the court allowed.  Before the defendant was put upon trial the second time he filed a plea alleging that the proceedings first had were a bar to any further prosecution upon the charge made against him.  The plea was overruled, and upon the second trial he was found guilty of an assault with a deadly weapon with intent to kill and murder, as charged in the information.  He insists upon this appeal that he had already been once in jeopardy, and that the plea in bar should have been sustained.  This contention cannot be maintained. The criminal code provides that ''the granting of a new trial places the parties in the same position as if no trial had been had.'' (§ 274.)

''Upon the defendant's motion for a new trial the court granted just what he asked, and of course he waived all right to object to the legal consequences necessarily resulting from such grant.  He waived his right to plead former jeopardy or to again being tried for the same offense.'' (*The State v. Hart*, 33 Kan. 218.)

See, also, *The State v. McCord*, 8 Kan. 232 ; *The State v. Rust*, 31 id. 509 ; *The State v. Miller*, 35 id. 328.

It is urged, however, that the verdict first returned was absolutely void, and that, although he asked for

a new trial and consented that the verdict should be set aside, he did not thereby gain any legal benefit or advantage. The verdict, however, cannot be said to be a nullity. Although it appears to have been irregular and not justified by the charge in the information, there was included in it, as well as in the charge of the information, the crime of assault, and possibly the offense that the life of Fannie Nesbit was endangered by the act of the defendant. When a person is charged with an offense consisting of different degrees he may be convicted of the degree charged or of any degree inferior thereto ; or where he is charged with the commission of an offense under one section of the statute, and the offense that is charged includes another offense under another section of the statute, the defendant may be found guilty of either offense. (Crim. Code, §§ 121, 122 ; *The State v. Burwell*, 34 Kan. 312.)    See, also, Crim. Code, § 230.

It is clear that the defendant derived some advantage and a legal benefit by the setting aside of the verdict, and as the new trial was granted at his request, he waived his right to plead former jeopardy, and no error was committed in putting him on trial a second time on the same information.

The judgment of the district court will be affirmed.

All the Justices concurring.