No. 20,564.

THE STATE OF KANSAS, *Appellee*, V. PERRY HAYES, *Appellant*.

SYLLABUS BY THE COURT.

CRIMINAL LAW — *Disturbing the Peace — Conviction of One Offense Only—No Prejudicial Error.* The defendant was convicted in the city court of assault and battery on a complaint charging assault and battery and disturbing the peace. In the district court he was tried and convicted on both charges. At the hearing of the motion for a new trial the verdict was set aside so far as it related to the charge of disturbing the peace and the defendant was sentenced for assault and battery. It is not shown that the defendant made any objection to being tried on both charges or to the evidence or the instructions relating to the charge of disturbing the peace. *Held*, prejudicial error is not made to appear.

Appeal from Atchison district court; WILLIAM A. JACKSON, judge. Opinion filed June 10, 1916. Affirmed.

*P. Hayes,* and *James W. Orr,* both of Atchison, for the appellant.

*S. M. Brewster,* attorney-general, *F. P. Lindsay,* special assistant attorney-general, and *Charles J. Conlon,* county attorney, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The defendant was convicted of assault and battery, and appeals.

The cause originated in the city court of Atchison where the defendant was convicted of assault and battery only, on a complaint charging assault and battery, disturbance of the peace, and use of improper language. The defendant appealed to the district court where he was again tried on all the charges contained in the complaint. The court submitted to the jury the charges of assault and battery and disturbing the peace, and the jury found him guilty of both those offenses. When the motion for a new trial was heard the court set aside the verdict so far as it related to disturbing the peace and sentenced the defendant for assault and battery only. The journal entry of judgment contains findings of the trial court

to the following effect: On the trial no objection was made to the introduction of evidence on the two counts of the complaint; the district court had no knowledge of the fact that the defendant was found guilty in the city court of the charge of assault and battery only; the first information of the fact the court had was at the argument on the motion for a new trial; the evidence offered at the trial was equally applicable to the charges of assault and battery and disturbing the peace; if the appellant had been tried on the charge of assault and battery only the evidence would have been identically the same as on the two charges on which he was found guilty.

The assignments of error are that the court assumed jurisdiction to try the defendant on the charge of disturbing the peace; that the court erred in instructing the jury with reference to an offense of which he was not guilty—disturbing the peace; that the court erred in rendering judgment on the verdict of guilty of assault and battery after setting aside the portion of the verdict relating to disturbing the peace, and that because of these errors a new trial should have been granted. The argument is that the proceedings recited could not have been other than prejudicial to the defendant.

Objection was made to incorporating in the journal entry the findings referred to and objection is made to consideration of them by this court. It is not necessary to take the findings into account in determining the appeal. None of the proceedings at the trial except those already referred to is presented to this court. Considering the findings as eliminated, this court has no knowledge of the character of the evidence introduced or of any objections by the defendant to the course pursued. If the defendant went to trial without objection on all the charges contained in the complaint, made no objection to the evidence tending to sustain those charges, and made no objection to instructions to the jury relating to disturbing the peace as well as to assault and battery, he can not now complain, because the court has made no ruling against him. If the evidence introduced were pertinent to all the charges, timely objection to it would have been unavailing, and whatever error was committed in submitting the charge of disturbing the peace to the jury was corrected by the judgment. Prejudicial error

is not made to appear and under the well settled rule prejudicial error must be made to appear by the proceedings presented for review to warrant a reversal. Consequently the court has no course open to it but to affirm the judgment, and it is so ordered.