No. 32,504

THE STATE OF KANSAS, *Appellant*, v. HELENE P. MITCHELL,
*Appellee* and *Cross-appellant*.

(54 P. 2d 917)

Opinion filed
March 7, 1936.

*Clarence V. Beck,* attorney general, *John A. Potucek,* county attorney, and *H. W. Goodwin,* of Wellington, for the appellant.

*Robert C. Foulston,* of Wichita, and *Bert E. Church,* of Wellington, for the appellee.

The opinion of the court was delivered by

BURCH, C. J.: Defendant was prosecuted for embezzlement. The jury returned a verdict of guilty. The district court granted a new trial. The state appealed, and defendant gave notice of a cross-appeal.

Defendant was cashier of the department of public works of the city of Wellington, and had charge of the collection of accounts of customers of the city water, light and power plants. Audits of the department indicated funds were missing. On January 11, 1933, a complaint was filed, charging defendant with embezzlement. A warrant was issued, a preliminary examination was held, and de-

fendant was bound over to the district court. In due time an information was filed, on which defendant was tried, with the result stated.

The state had been unable to trace any money, check, or other thing of value belonging to the city to defendant. The result was, a perfectly blind information in one count was filed, charging that at an unknown time, but within two years, defendant embezzled an unknown something—money, bank bills, treasury notes, checks, other effects, of unknown value, but worth more than $20. At the proper time, in the course of the trial, defendant moved that the state elect on what transaction it would rely for conviction. The motion was denied. The jury returned the very enlightening verdict, "guilty as charged." So, neither defendant nor the court knew at the beginning of the trial what defendant was charged with, or knew at the end of the trial of what she had been found guilty.

At the close of the state's case, defendant moved that she be discharged. At that time, the court thought the evidence was sufficient to raise a question of fact, and the motion was denied. At the conclusion of all the testimony, defendant moved that she be discharged. That motion was denied. After verdict, defendant filed a motion for a new trial. At the conclusion of the hearing on the motion for new trial, the court made the following finding:

"The court finds that the verdict in this case is contrary to the evidence, and not supported by the evidence."

The state reserved privilege to appeal, and assigns as error the granting of a new trial. In support of the assignment of error, the state says a reading of the abstract will convince this court the verdict was amply supported by evidence. If, from a reading of the abstract, this court should conclude there was evidence which would warrant an inference of guilt, this court would not reinstate a verdict of guilty of felony, so severely condemned by the court which tried the case, except in case of clear abuse of discretion, which does not appear.

In the course of the trial, the district court ruled that evidence of what the state calls "other transactions," occurring previous to January 11, 1931, that is, occurring more than two years previous to institution of the prosecution, should not be admitted. The state reserved the question of propriety of the ruling.

As indicated, there was no charge of a definite transaction concerning a sum of money in count 1, of another transaction concern-

ing another sum of money in count 2, and so on. Under the information, the search was for a transaction of some kind, on which guilt could be predicated. Defendant had been employed by the city since 1918, and had been cashier in the department of public works at least previous to 1925. The state found transactions which it desired to present, occurring in 1928, 1929 and 1930. The court may have concluded, as the trial progressed, the inquest under the roving accusation ought not to be extended indefinitely. Whether the view was sound need not be discussed, since the ruling may not be reviewed.

The statute reads:

"Appeals to the supreme court may be taken by the state in the following cases, and no other: *First,* upon a judgment for the defendant on quashing or setting aside an indictment or information; *second,* upon an order of the court arresting the judgment; *third,* upon a question reserved by the state." (R. S. 62-1703.)

In this instance the question reserved is, whether on the trial of defendant for embezzlement, the court erred in rejecting offers of proof of what were asserted to be other embezzlements by the same employee from the same employer, occurring in the course of the same employment, more than two years before the prosecution was commenced. There is no categorical answer to such a question. There are distinct limitations on admissibility of evidence of other offenses, and this court cannot know whether rejection of offered evidence of another offense was wrong without knowing two things: First, that there was evidence of another offense, and second, the nature of that evidence. These facts must be ascertained from the record.

Generally, a question reserved by the state comes up in the normal way—whether a motion to quash was properly sustained; whether an instruction to the jury was properly given; whether admitted evidence should have been excluded. In such cases the question reserved may be determined from the face of the record. As indicated, this is not true when a simple offer of proof is rejected.

In the case of *State v. Marek,* 129 Kan. 830, 284 Pac. 424, an offer of proof by the state was rejected, the question was reserved by the state, and this court said the evidence should be received. A robbery was committed and a man fled from the scene of the crime. Tracks in soft ground leading from the scene of the crime were observed, and were covered, so they might not be obliterated.

A month later defendant was arrested, and the sheriff took defendant's shoes to the place where the tracks were. The sheriff told the story in detail thus far. In a long colloquy between the court and counsel it was assumed the sheriff made a test to determine whether defendant's shoes fitted the tracks. The sheriff was not permitted to give the result of the test, for reasons which this court deemed insufficient. The question whether the record was sufficient to authorize this court to say the sheriff should have been permitted to give the result of the test was not discussed or decided. This is the only case cited to the court in which the court has had before it review of excluded evidence, on appeal by the state on a question reserved.

In an appeal by the state on a question reserved, two things are necessary: First, proper reservation of the question in the district court, to afford ground of appeal; second, a record in the district court which will afford ground for review by this court of the question properly reserved. In the Marek case the first essential was discussed. The court said:

"All that is necessary for the state to do to reserve a question for presentation on appeal to the supreme court is to make proper objection or exception at the time the order complained of is made or the action objected to is taken. The state can lay the foundation for its appeal in the same manner that the defendant can lay the foundation for his appeal." (p. 834.)

Following the analogy, the state, having properly reserved a question in the district court, should lay the same foundation in the district court for review of a ruling rejecting evidence that is required of a defendant. A defendant is required to bring on the record, in some way, the evidence to which his rejected offer purported to relate, before this court will consider its admissibility. (R. S. 60-3004; *State v. Vandruff*, 125 Kan. 496, 502, 264 Pac. 1060.) The reasons for the statute are of the same potency when the state appeals, and the district court will always permit the state to make a record in any instance worthy of record.

R. S. 62-1711 reads:

"In case of an appeal from a question reserved on the part of the state, it shall not be necessary for the clerk of the court below to certify to or transmit to the supreme court any part of the proceedings and record except a certified copy of the notice of appeal and of the judgment of acquittal. When the question reserved is defectively stayed, the supreme court may direct any other part of the proceedings and record to be certified to it."

This statute relates to what the clerk of the district court certifies and sends up. It has been said, by way of comment and not by way of elucidation, that the statute authorizes an abridged record. (*City of Kinsley v. Sire,* 51 Kan. 529, 33 Pac. 368.) In the present case, none of the questions reserved by the state could be reviewed on the notice of appeal and journal entry of judgment.

The word "stayed," appearing in the statute, is a misprint for "stated." The entire section is a survival of an obsolete practice in a modern code which provides that appellate procedure shall be the same in civil and criminal cases. (R. S. 62-1702; rule 5 of this court; R. S. 62-1713.) Without expounding the meaning of the quoted section, if any, it is of no aid to the state in this case.

The state reserved a question, on denial by the district court of privilege of the state to cross-examine defendant. The only instance referred to in the brief is cross-examination with respect to a transaction occurring in 1929. Up to the point of cross-examination of defendant, the state had not established with any certainty that defendant had been guilty of any embezzlement embraced in the information. The effect of the cross-examination would have been to open the way for the jury to find defendant was guilty of something charged, because it might look as though she might have been guilty of something else long before. In view of the entire record, this court declines to hold the district court abused its discretion.

The foregoing disposes of the state's appeal. Defendant's cross-appeal is based on refusal of the district court to discharge the defendant.

As indicated, when the court reviewed the proceeding at the hearing on the motion for a new trial, it found the verdict was not sustained by evidence and was contrary to the evidence. The evidence will not be discussed in detail. Two auditors who had thoroughly investigated the affairs of the office which defendant held, gave testimony concerning transactions, indicating money had been misappropriated in described ways, but the auditors had been unable to trace any funds belonging to the city to defendant. Opportunity for defendant to appropriate money was proved, but the proof distinctly fell short of furnishing substantial basis for inference of appropriation in fact, and the district court's finding is approved. The result is, defendant's motion for discharge at the close of the evidence should have been allowed.

The state's appeal is not sustained. Defendant's appeal is sustained, and the cause is remanded to the district court, with direction to set aside the order granting a new trial, and to allow defendant's motion that she be discharged.