No. 38,492

THE STATE OF KANSAS, *Appellant*, v. EDWARD LEROY CLARK, *Appellee.*

(237 P. 2d 255)

Opinion filed November 10, 1951.

*Willis K. Dillenberger,* assistant county attorney, argued the cause, and *Harold R. Fatzer,* attorney general, and *Oren Gray,* county attorney, were with him on the briefs for the appellant.

*Jack L. Goodrich,* of Parsons, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is an appeal by the State from an order granting defendant a new trial following his conviction of grand larceny.

The defendant was charged with the larceny of a hat and top-coat alleged to be of the value of $60. We are told that the jury found the property to be of the value of $35. Following his conviction defendant filed a motion for a new trial, alleging four grounds—(1) the admission of illegal and improper testimony over his objections; (2) the verdict was contrary to law and the evidence; (3) insufficiency of the State's evidence to warrant a conviction of grand larceny; and (4) the alleged arraignment of defendant on the opening day of the term of court at which he was tried, in the absence of his counsel.

This motion was argued orally by counsel for the State and defendant, and taken under advisement. Later, counsel for both sides filed written briefs and further oral argument was had. The motion was sustained and the journal entry covering such ruling recites:

"Thereupon the court having heard the oral arguments and examined the written briefs of the respective parties of record and being now fully advised and informed in the premises finds that said motion for a new trial should be sustained and the verdict of the jury heretofore rendered set aside and held for naught and defendant granted a new trial."

At the outset it should be noted that defendant questions the State's right to appeal from an order such as this, citing G. S. 1949, 62-1703, which provides that appeals to this court may be taken by the State only (1) from a judgment for defendant in quashing or setting aside an indictment or information; (2) upon an order arresting the judgment; and (3) upon a question reserved by the State. It is contended that only the third ground could possibly have any application to this appeal, and that as the record is silent concerning any "reservation" by the State it therefore is precluded from appealing.

We think there is no merit to defendant's contention in this respect. While it is true the statute above referred to does not specifically mention the granting of a defendant's motion for new trial as being one of the instances in which the State may appeal, yet this court has held that in order to reserve a question for presentation to the Supreme Court on an appeal by the State it is unnecessary for the State to do more than should be done by a

defendant to lay the foundation for an appeal by him. See *State v. Simpson,* 169 Kan. 527, 220 P. 2d 175, where this question was gone into, and our earlier decisions, including *State v. Mitchell,* 143 Kan. 322, 54 P. 2d 917; *State v. Short,* 121 Kan. 233, 247 Pac. 114; and *State v. Marek,* 129 Kan. 830, 284 Pac. 424, were analyzed and discussed.

The record before us establishes that the State resisted defendant's motion for a new trial. Had the motion been overruled all that would have been required of defendant in order to appeal would have been for him to file his notice of appeal. Under the holding in the Simpson case, *supra,* it therefore appears the State did all that was required of it when it filed its notice of appeal from the court's ruling.

Considerable testimony of the complaining witness concerning the value of the articles allegedly stolen from him is abstracted, together with objections thereto by defendant. While there are some conflicting statements made by counsel in the abstract and counter abstract concerning the exact ruling of the court on objections to the competency and admissibility of this particular line of testimony, yet from the record as a whole we understand the court permitted most, if not all, of this evidence to go to the jury.

Included in the abstract is a statement by counsel for the State to the effect that when ruling on the motion for new trial, the trial judge orally stated that he did not believe the prosecution had proved the value of the articles stolen and that he was going to grant a new trial because of that. This alleged oral remark by the trial judge apparently was not made in the presence of the official court reporter and is not abstracted as a part of the record, as such. Under those circumstances such gratuitous statement of counsel for the State, being unsupported by the record, cannot be considered and forms no basis upon which error may be established. (*State v. Ryan* 141 Kan. 549, 42 P. 2d 591.)

There is still another reason why we think it is unnecessary to go into the question of the competency and admissibility of that particular line of testimony. The motion for new trial contained four grounds. The journal entry covering the court's ruling sustaining the motion is silent concerning the ground or grounds upon which the ruling was made. Under such circumstances this court cannot reach out and determine the correctness of the lower court's reasoning which prompted it to sustain the motion.

And this brings us to the real issue in this appeal, namely, did the lower court err in granting a new trial? The State, in effect, asks this court to set aside the order and to reinstate the verdict of guilt. On the record before us we cannot do so. In the first place, the reasons which may have prompted the trial court to grant a new trial are not shown. Many things occur during the trial of a case which are not reflected in the cold printed record on appeal. It may be that the trial court was simply of the opinion the defendant had not had a fair trial. It may be that it was in doubt as to the sufficiency of the evidence. The trial court saw the witnesses and heard them testify. We are deprived of that advantage. At any rate, its action indicates clearly that it could not approve the verdict, and that being the case it was its imperative judicial duty to grant a new trial. In *State v. Miller*, 154 Kan. 267, 118 P. 2d 561, where the State appealed following the granting of a new trial to a convicted defendant because the trial court was not convinced defendant had received a fair trial, it was held that under such circumstances it was not only the court's right, but was its duty, to grant a new trial, and that it always has been the rule that the verdict of the jury must be approved by the trial judge upon his own independent judgment and not upon the judgment of the jurors. Here the trial court exercised its judgment and prerogative in that respect, and neither error nor abuse of discretion has been made to appear.

The judgment is therefore affirmed.