No. 39,054

THE STATE OF KANSAS, *Appellee,* v. L. J. MONTGOMERY,' *Appellant.*
(261 P. 2d 1009)

Opinion filed October 10, 1953.

*Max Regier,* of Newton, argued the cause and was on the briefs for the appellant.

*Morris Moon,* county attorney, argued the cause, and *Harold R. Fatzer,* attorney general, and *Robert M. King,* assistant county attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: Defendant L. J. Montgomery was arrested, tried, convicted and sentenced on a charge of commission of the crime of burglary and larceny in connection with the burglary ( G. S. 1949, 21-524). The appeal is from an order of the trial court overruling his motion for new trial and the only claim of error relied on respecting that ruling relates to the admission of certain evidence.

The issue raised on appeal is of such nature that, except for

those essential to a proper understanding of what the case is about, the pictorial facts of record are of little consequence and need not be labored. For informative purposes it suffices to say the record discloses that on the late evening of February 8th or early morning of February 9, 1952, the Andover School Building, located in Butler County, Kansas, was broken into, a safe located therein forced open, and the sum of $732, the property of the Andover Public Schools, removed therefrom; that on the 10th day of February the Sheriff of Butler County was informed that a certain automobile had been observed in Rose Hill, a small town located some ten miles south of Andover, on the evening of February 8th and was given a description of the automobile and the number of its license tag; that on February 11, after having checked the license tag number with other officials and having found that the automobile was registered in the name of L. J. Montgomery, such sheriff went to appellant's home in Newton, Kansas, where he found the automobile and license tag theretofore described to him and saw three tool boxes in the automobile; that appellant, who was home at the time, said he was a plumber and that the three tool boxes belonged to him; and that immediately thereafter the sheriff arrested the appellant and took him to the county seat of Butler county where he was eventually tried by a jury and found guilty in district court of the crime referred to in the first paragraph of this opinion.

We now turn to evidence having more direct application to questions raised on appeal. During the course of the trial the court permitted the state to introduce the lock pin or shaft of the burglarized safe, a taper punch, claimed to have been used in breaking the lock of such safe, and expert testimony by Claude Nichols, Forensic Technician for the Wichita, Kansas, Police Department, to the effect that after comparing marks made by the punch with a mark that was on the pin or shaft at the time such articles were brought to him for examination he was of the definite opinion that the punch was the instrument which had made such mark on the pin or shaft.

The record only partially discloses the foundation laid by the state for the introduction of the foregoing evidence. Limited to portions abstracted, and without attempting to relate everything said by witnesses with respect to the subject, it shows:

Additional testimony by the sheriff of Butler county to the effect that on the day after he arrested appellant he went back to the

latter's home where he picked up one of the three tool boxes he had seen in the automobile the night before and brought it to his office in El Dorado; that it was the box which contained small tools, including several punches; that the box and all tools found therein were in his possession and under his supervision until the next day when he took them to the Andover schoolhouse; that on reaching that point he re-examined the safe and came to the conclusion some of the tools could have been used in the burglary; that thereupon he called L. J. Wheeler, Police Investigator for the Wichita Police Department, who immediately came to Andover; that he then delivered several of the tools to such investigator (including the taper punch in question), who examined the safe, took out the damaged lock, including the lock pin, or shaft, and then left for the Wichita Police Laboratory with such tools and parts of the damaged lock in his possession.

L. J. Wheeler testified that he received the taper punch, a center punch and a cold chisel from the sheriff of Butler county, that he removed the entire combination lock mechanism from the safe and then took such articles back to the police laboratory at Wichita where he individually marked them for identification, placed them in a locker, which he locked with a padlock to be opened by the Laboratory Technician (Claude Nichols), and that subsequently he was personally present and participated in a microscopic examination of such articles conducted by that officer. This witness also stated that in disassembling the lock of the safe he made a mark on the lock pin or shaft with one of the punches but it appears from the record that such mark was not the one referred to and identified in the testimony of the Laboratory Technician.

Although he has chosen to rest his appeal on a part of the testimony and must abide the consequences of that action it may as well be said that in its brief the state, without any denial or refutation on the part of appellant, asserts that in addition to the foregoing evidence it produced four persons from the vicinity of Rose Hill who testified as witnesses and that in substance their testimony was to the effect that on the early morning of February 9th they observed an automobile, with two occupants, which was being operated in the Rose Hill community in such a manner as to arouse suspicion; that after observing the movements of such vehicle they took down its license tag number and drove near enough to the occupants thereof for two of them to positively identify the driver

of the automobile and the others to obtain a general idea of his appearance; and that thereafter they reported what they had observed to the sheriff of Butler county, giving him a description of the automobile and the number of its registration tag.

The paramount question raised on appeal is that all testimony concerning the comparison of the marks on the lock pin or shaft with the taper punch was incompetent and therefore erroneously admitted. Appellant states its determination necessarily requires a decision on two points: First, was the punch used in the comparison tests sufficiently identified as his property? Second, was the evidence tampered with sufficiently so as to render it inadmissible?

We doubt that appellant's position the punch used in the comparison tests was not sufficiently identified could be upheld, even under the evidence of record. But we are not required to decide that question. For all we know the evidence of the four witnesses, whose testimony is not before us, may have been of a nature that the punch was clearly admissible or of such character that it would make no difference whether it was appellant's property or that of an accomplice who assisted in perpetrating the crime for which appellant was convicted. At least the record is in such shape we cannot intelligently review the question. In fact we cannot review it at all without indulging in speculation and conjecture. The result is appellant has failed to maintain the burden, required by our decisions (See *The State v. Forline*, 54 Kan. 69, 37 Pac. 997; *The State v. Lewallen*, 55 Kan. 690, 41 Pac. 948; *The State v. Hayes*, 98 Kan. 409, 157 Pac. 1171) of furnishing a record which affirmatively shows that prejudicial error was committed by the trial court in holding the punch in question was admissible. Under such circumstances this court is not only bound to assume its ruling was proper (*The State v. English*, 34 Kan. 629, 9 Pac. 761) but is precluded from reviewing a claim of error based on insufficient identification. (*State v. Streeter*, 173 Kan. 240, 242, 245 P. 2d 1177.) For other decisions of similar import see *State v. Goodrich*, 136 Kan. 277, 280, 15 P. 2d 434; *State v. Harrington*, 148 Kan. 602, 83 P. 2d 659; *State v. Smith*, 171 Kan. 722, 237 P. 2d 388; *The State v. Durein*, 70 Kan. 1, 78 Pac. 152.

Exemplification of the soundness of the rules to which we have heretofore referred and the reasons for their strict observance appears in the instant case where, if all the evidence had been abstracted, we would have had little difficulty in concluding appellant's

contention respecting admission of the punch because of insufficient identification was devoid of merit and could not be upheld. The books are full of cases holding that where an accused is identified as having been at or near the scene of a crime about the time of its commission evidence showing that he owned, possessed or had access to any articles with which the crime was or might have been committed is competent. See, e. g., *The State v. Wayne*, 62 Kan. 636, 64 Pac. 69; *The State v. Ingram*, 16 Kan. 14; *State v. McKee*, 131 Kan. 263, 291 Pac. 950; *State v. Lentz*, 128 Kan. 314, 277 Pac. 794; *Evans v. United States*, 122 F. 2d 461; 22 C. J. S., Criminal Law, 931, 1207, §§ 611, 712; 20 Am. Jur., Evidence, 239, 260, 361, §§ 246, 273, 401; 2 Wharton's Criminal Evidence (11th Ed.), 1285, 1290, §§ 759, 761; Underhill's Criminal Evidence (Fourth Ed.), 149, 1212, §§ 116, 625.

The only contention advanced by appellant on the second point relied on is that all evidence of the police expert (Nichols) was incompetent because the record makes it appear the pin or shaft, as well as the punch in question, had been tampered with between the time their condition became a question and the time of the expert's examination and comparison thereof. The trouble with this contention is that the factual premise on which it is founded is not supported by the record. The uncontroverted evidence is that from the time it was taken from the appellant's home until the comparison tests were made the punch was in the possession and control of law enforcement officers who, under the facts of record, cannot be charged with having tampered therewith in any manner or form. Moreover, the police expert testified that after making such tests he was definitely of the opinion one of the marks on the shaft, which the police investigator (Wheeler) stated was there at the time he disassembled the safe lock and delivered all articles in question to such expert, was made by that instrument. Under such circumstances we have little difficulty in concluding the trial court properly concluded the evidence complained of was competent and that whatever objections appellant was making thereto, which we pause to note are not set forth in the record, went to the weight rather than to the admissibility of such evidence.

The judgment is affirmed.