No. 39,760

THE STATE OF KANSAS, *Appellant*, v. O. W. HESS, *Appellee*.

(289 P. 2d 759)

Opinion filed November 12, 1955.

*A. E. Carroll*, Assistant County Attorney, argued the cause, and *Harold R. Fatzer*, Attorney General, and *Victor Hergenreter*, County Attorney, were with him on the briefs for the appellant.

*Edward Rooney*, of Topeka, argued the cause and *Jacob A. Dickinson, David Prager, William W. Dimmitt*, and *Sam A. Crow*, all of Topeka,, *Charles*

*Heizer,* of Osage City, and *E. W. Stuewe,* of Alma, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: The proceedings leading up to and giving rise to this appeal are essential to its disposition, hence they will be noted as briefly as the state of the record permits.

After a preliminary examination, in which he was held for trial, defendant O. W. Hess was charged by an information, containing four counts, properly filed in the district court of Wabaunsee County, with the commission of four felonies involving the theft and embezzlement of cattle. Thereafter, on his own motion, he obtained a change of venue from Wabaunsee County to Osage County where, in the district court of the last mentioned county, he was tried by a jury. When such jury failed to reach a verdict a mistrial was declared. During the course of this trial counts 3 and 4 of the information were dismissed.

In the spring of 1954 the case again came on for trial by a jury in the district court of Osage County on the remaining counts of the information which, according to the record, read:

"I, James E. Parmiter, the undersigned County Attorney of said County, in the name and by the authority and on behalf of the State of Kansas, come now here and give the Court to understand and be informed, that on or about the _____day of December, 1952, in said County of Wabaunsee and State of Kansas, one O. W. Hess did then and there unlawfully, feloniously and wilfully, steal, take and carry away personal property of the value of more than Twenty Dollars ($20.00), to-wit: one (1) white face steer, the same being the property of Clarence Hund.

"COUNT TWO.

"That on or about the _____day of October, 1952, in the County of Wabaunsee and State of Kansas, O. W. Hess did then and there unlawfully, feloniously and wilfully, with intent to embezzle and convert to his own use, did make way with, secrete, embezzle and convert to his own use certain property, to-wit: neat cattle, more particularly described as five (5) white face heifers, weighing about six hundred (600) pounds, branded with the Lazy B on the left hip and branded with a year brand showing the figure 1 on the left jaw; said cattle being of the value of approximately Six Hundred Fifty Dollars ($650.00), and said cattle being the property of E. S. F. Brainard; and said cattle having been delivered to said O. W. Hess by said E. S. F. Brainard, and having come into the possession of said O. W. Hess and under his care as an agister and bailee under a contract of pasturage between said O. W. Hess and E. S. F. Brainard covering the 1952 pasture season."

The second trial lasted about ten days. During its course, and at

the close of the state's evidence, defendant moved for his discharge on the ground the evidence was insufficient to warrant a submission of the case to the jury on either count. This motion was overruled. At the close of all the evidence defendant renewed his motion for discharge and it was again overruled. Thereupon, after instructions by the court as to the applicable law and arguments of counsel, the case was submitted to the jury which returned a verdict finding defendant guilty of the crime of larceny as charged in count 1 of the information and of the crime of embezzlement as charged in count 2 of such information.

On the day the verdict was returned the defendant was given five days within which to file a motion for a new trial. He complied with that order and the motion filed by him came on for hearing on May 21, 1954. At that time, upon his request, the hearing was continued because the transcript had not been completed.

The motion for a new trial again came on for hearing on July 1st and was orally argued by counsel for defendant. At the close of this argument such counsel presented written briefs to the court and counsel for the plaintiff. The state then requested time to prepare and file a brief and reply to defendant's argument. This request was granted. On September 3rd the matter again came on for hearing at which time the state filed its written answer. The defendant was then granted thirty days in which to file a reply brief.

Some two months after the above mentioned action the matter came on for further hearing with all parties appearing, as they had on previous hearings. The court then stated it was ready to pass upon the motion and, after a somewhat complete discussion of the issues involved and the reasons for its conclusions, announced that it was sustaining such motion. Thereafter it definitely indicated the extent of its ruling and decision, as well as the state's action with respect thereto, by signing a journal entry, approved by attorneys for the parties, the pertinent portions of which read:

"Now, on this 9th day of November, 1954, the matter comes on for a further hearing with the parties appearing as aforesaid. Thereupon, the court finds that the motion for a new trial should be sustained and the verdict set aside on the grounds that the court misdirected the jury on material matters of law and evidence; gave erroneous instructions, and denied the defense proper instructions which they requested.

"It Is, Therefore, Considered, Ordered, Adjudged, and Decreed by the Court that the motion for a new trial be sustained and the verdict set aside on the grounds that the court misdirected the jury on material matters of law and

evidence; gave erroneous instructions and denied defense proper instructions which they requested. Now, on this 9th day of November, 1954, the State of Kansas reserves the questions of law on the ruling of the court granting the motion for a new trial and setting aside the verdict."

Following the trial court's action in granting a new trial and setting aside the verdict the state brought the cause to this court by filing a notice of appeal, stating in substance that it appealed from the order granting defendant a new trial. Thereafter defendant filed a notice of appeal and cross-appeal, wherein he states that he appeals from the orders and judgments of the district court in refusing to sustain his divers motions for discharge and from all other adverse rulings.

In view of appellant's single specification of error as well as its statement of the question involved, each of which reads "Did the Court commit error in granting the defendant a new trial?", it would seem there should be little question about the appellate issue involved in this case. Be that as it may, contentions advanced make it necessary to first determine the nature and extent of the ruling and decision from which the appeal is taken.

Appellant directs our attention to comments made by the trial court during the course of the ruling on the motion for a new trial and insists that such ruling was limited solely to what that tribunal deemed to be error in giving its Instruction No. 20, hence the appeal must be affirmed or reversed on that basis. On the other hand appellee takes the position that even though in ruling on the motion the trial court definitely placed its finger on such instruction as one ground of error its comments went further and definitely indicated that such ruling was based on other and additional grounds of error. It will not be necessary, and we are not here disposed, to either detail or labor the statements made by the court in ruling on the motion. Neither are we called upon to express our view as to the force and effect that should be given them in resolving the dispute that thus exists between the parties. In clear and unequivocal terms the journal entry of judgment, which we pause to note the record discloses was signed by an experienced trial judge and approved by capable attorneys for each of the parties, states not once but twice that the motion for a new trial was sustained and the verdict set aside "on the *grounds* that the court misdirected the jury on material *matters* of law and evidence; gave erroneous *instructions* and denied defense proper *instructions* which they requested."

(Emphasis supplied.) In the face of the foregoing indisputable language in the journal entry we can only conclude, that contrary to appellant's position, the motion for a new trial was sustained by the trial court for the divers reasons therein specified.

Founded on the principle, recognized by statute (G. S. 1949, 60-3010) and its decisions (see *Christisen v. Bartlett,* 73 Kan. 404, 85 Pac. 594), that the place for correcting judgments is in the court which rendered them, this court is committed to the rule it cannot determine the terms of a judgment on unsupported or controverted claims of the parties to the action but must assume the journal entry correctly reflects the judgment rendered and the facts therein recited notwithstanding a claim of one of the parties to the contrary. See *City of Wichita v. Catino,* 175 Kan. 657, 265 P. 2d 849; *State v. Smith,* 171 Kan. 722, 725, 237 P. 2d 388; *In re Estate of Demoret,* 169 Kan. 171, 180, 218 P. 2d 225.

Having determined the force and effect to be given the decision appealed from we now direct our attention to the state's claim the record discloses the trial court erred in sustaining the motion for a new trial. In this connection it may be stated, that without reference to any of the general grounds assigned by the trial court in the journal entry for sustaining the motion, all arguments advanced by the state in its brief and in oral argument are based on the premise such ruling must be reversed because the court erroneously concluded it had committed error in giving Instruction No. 20. It may be admitted the state is confronted with this dilemma because of its mistaken concept respecting the scope of the trial court's ruling on the motion. Nevertheless that is the situation and it finds itself in a position where it cannot be heard to say it has even attempted to show, let alone affirmatively establish, error in all of the grounds on which the trial court based its action in granting the new trial.

We have no trouble in concluding that the ruling of a trial court in the sustaining of a defendant's motion for a new trial in a criminal action is so much within its discretion that the state, in order to reverse that ruling, must affirmatively establish that each and every ground assigned as a basis for such ruling is erroneous. In other words, even though it may establish error in one or more of the grounds assigned for the sustaining of such a motion, if error is not affirmatively established in other grounds assigned as the bases for such ruling, the state has failed to sustain the burden imposed upon

it by our decisions and the ruling sustaining the motion must be affirmed.

The parties cite no decisions dealing with the particular rule last above stated and we concede we find no cases in this jurisdiction directly in point. Even so, there are decisions which touch upon the subject and must be regarded as supporting the rule as stated.

See *State v. Smith,* 171 Kan. 722, 237 P. 2d 388, an appeal by the state, where we held:

"Upon appeal, if susceptible of a reasonable interpretation to the contrary, the record of the proceedings of the trial court in a criminal action will not be interpreted to show error." (Syl. ¶ 2.)

And in the opinion said:

"Long ago, in *The State v. Durein,* 70 Kan. 1, 78 Pac. 152, this court committed itself to the rule that in a criminal appeal the record of the proceedings in the trial court will not be interpreted to show error if it be susceptible of a reasonable interpretation to the contrary." (p. 726.)

See, also, *State v. Clark,* 171 Kan. 734, 237 P. 2d 255, where, on appeal by the state from an order sustaining the defendant's motion for a new trial, we affirmed the judgment and in the course of the opinion said:

"There is still another reason why we think it is unnecessary to go into the question of the competency and admissibility of that particular line of testimony. The motion for new trial contained four grounds. The journal entry covering the court's ruling sustaining the motion is silent concerning the ground or grounds upon which the ruling was made. Under such circumstances this court cannot reach out and determine the correctness of the lower court's reasoning which prompted it to sustain the motion." (p. 736.)

Analogous reasoning compels the conclusion, that where—as here— the trial court assigned divers reasons for sustaining appellee's motion for a new trial and set forth those grounds in its judgment in general terms, the state cannot have a reversal of that ruling where it not only fails but makes no effort to establish that all grounds assigned by the court as reasons for its action were erroneous.

No one will have the audacity to contend that the state is entitled to any greater rights on appeal than a defendant. Therefore decisions involving the subject now under consideration in which the defendant is the appellant are entitled to weight in determining the state's rights on appeal. In *State v. Hazen,* 176 Kan. 594, 595, 272 P. 2d 1117, we said, and correctly so, that on appellate review error is never presumed and must be established. Adherence to

such rule means the state had the burden of affirmatively establishing that the trial court erred in granting the instant motion in order to here prevail.

See, also, *State v. Montgomery*, 175 Kan. 176, 261 P. 2d 1009, where, in dealing with the defendant's appeal from an order overruling his motion for a new trial and in discussing the reasons why that ruling should not be disturbed, we said:

". . . At least the record is in such shape we cannot intelligently review the question. In fact we cannot review it at all without indulging in speculation and conjecture. The result is appellant has failed to maintain the burden, required by our decisions (See *The State v. Forline*, 54 Kan. 69, 37 Pac. 997; *The State v. Lewallen*, 55 Kan. 690, 41 Pac. 948; *The State v. Hayes*, 98 Kan. 409, 157 Pac. 1171) of furnishing a record which affirmatively shows that prejudicial error was committed by the trial court in holding the punch in question was admissible. Under such circumstances this court is not only bound to assume its ruling was proper (*The State v. English*, 34 Kan. 629, 9 Pac. 761) but is precluded from reviewing a claim of error based on insufficient identification. (*State v. Streeter*, 173 Kan. 240, 242, 245 P. 2d 1177.) For other decisions of similar import see *State v. Goodrich*, 136 Kan. 277, 280, 15 P. 2d 434; *State v. Harrington*, 148 Kan. 602, 83 P. 2d 659; *State v. Smith*, 171 Kan. 722, 237 P. 2d 388; *The State v. Durein*, 70 Kan. 1, 78 Pac. 152." (p. 179.)

Based on the foregoing decisions and what has been heretofore stated we have no difficulty in concluding appellant has failed to affirmatively establish that all grounds assigned by the trial court for granting appellee a new trial were erroneous. It follows its ruling with respect to such motion must be affirmed.

With the ruling on the motion for a new trial sustained we can now direct our attention to what appellee denominates "appeal and cross appeal" wherein, although he received everything he asked for in the court below by the sustaining of *his* motion for a new trial and no final judgment has ever been rendered against him, he seeks to here and now have a review of alleged errors he claims occurred during the trial.

Appellee's contention he is entitled to appellate review of the matters mentioned under the existing conditions and circumstances can be disposed of in summary fashion.

In this jurisdiction the right of appeal is not constitutional but is conferred by statute and the appellant must take it on the terms provided by the statute. (See *State v. Phillips*, 175 Kan. 50, 53, 259 P. 2d 185.) When appellee's motion for a new trial was sustained he had nothing to appeal from and we fail to find anything in our

statute which authorizes the cross appeal. Conceding that a defendant on appeal from a final decision and judgment against him may, under proper conditions, be entitled to a review of all errors he claims have been committed during the trial does not impel a conclusion he had that right, in an appeal by the state, when his own motion for a new trial has been sustained. The conclusion just announced finds ample support in two provisions of our statute and numerous decisions construing their force and effect.

See G. S. 1949, 62-1701 which reads:

"An appeal to the supreme court may be taken by the defendant as a matter of right from any judgment against him; and upon the appeal any decision of the court or intermediate order made in the progress of the case may be reviewed."

Only recently we were called upon to construe the foregoing section of the statute. See *State v. Wallace,* 172 Kan. 734, 243 P. 2d 216, wherein other decisions of like import were cited, which holds:

"In this state appeals in criminal cases are governed by statute.
" 'An appeal in a criminal case can be taken by a defendant only after judgment, and an intermediate order of which he complains can be reviewed only on such judgment.' (*State v. Edwards,* 10 Pac. 544.)" (Syl. ¶¶ 1 and 2.)

Further support for the same conclusion is to be found in another section of our statute. G. S. 1949, 62-1602 provides:

"The granting of a new trial places the parties in the same position as if no trial had been had; the former verdict cannot be used or referred to either in the evidence or argument."

Long ago in *State v. McCord,* 8 Kan. 232, we determined the force and effect to be given the provisions of this section of our statute. There we held:

"In this state a new trial granted on the motion of the defendant in a criminal case, places the party accused in the same position as if no trial had been had." (Syl. ¶ 3.)

And in subsequent decisions have repeatedly adhered to the legal principle therein announced. See, e. g., *The State v. Rust,* 31 Kan. 509, 3 Pac. 428; *The State v. Hart,* 33 Kan. 218, 6 Pac. 288; *The State v. Miller,* 35 Kan. 328, 10 Pac. 865; *The State v. Terreso,* 56 Kan. 126, 42 Pac. 354; *In re Christensen,* 166 Kan. 671, 203 P. 2d 258; *State v. Phillips,* supra.

In an attempt to forestall application of the rule above announced appellee relies upon a single case, i. e., *State v. Mitchell,* 143 Kan. 322, 54 P. 2d 917, in which, under circumstances which must be

conceded to be identical this court, obviously without giving the question considered attention, held that a defendant's motion for discharge during the trial should have been allowed, and directed his discharge. Our re-examination of sections of the statute dealing with the subject and our decisions construing them convinces us that our holding in that case on the point mentioned was unwarranted and should be overruled.

The judgment is affirmed.