No. 42,448

STATE OF KANSAS, *Appellee*, v. JOHN WESLEY JACKLINE, *Appellant.*

(362 P. 2d 658)

Opinion filed June 10, 1961.

*William Cook* of Kansas City argued the cause, and *Roy Cook* of Kansas City was with him on the briefs for the appellant.

*Samuel J. Wells*, Assistant County Attorney, argued the cause and *William Ferguson*, Attorney General, *Robert Hoffman*, Assistant Attorney General, *Robert J. Foster*, County Attorney, and *Matthew G. Podrebarac*, Assistant County Attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

JACKSON, J.: After a full trial by a jury, the appellant was convicted of robbery in the first degree in the district court and sentenced to twenty years to life imprisonment under the habitual criminal statute, G. S. 1949, 21-107a. He has appealed the conviction to this court and has assigned ten alleged errors in the trial of the case.

Upon a motion stating that appellant had no funds, this court waived the rules of the court as to printing of abstract and brief.

The abstract of appellant contains some ninety-four legal size pages and his brief contains thirty pages. However, the abstract is composed largely of the objections and long arguments of counsel for both sides without showing the testimony of witnesses nor the situation in the trial in which orders made by the district court

occurred. Thus, it is impossible for this court to examine the record of the trial to determine whether all of the ten assignments of error are completely groundless. We would observe, from what we can discover concerning the trial, that many of the ten assignments would appear to have no merit.

It is a quite well-known rule, even in a criminal appeal, that it is incumbent upon the appellant to make it clearly appear that reversible error has occurred in the trial from which the appeal was taken. As was said in *State v. Russell*, 182 Kan. 649, 655, 323 P. 2d 913:

"Error is never presumed and it is incumbent upon the party complaining to establish affirmatively that error was committed."

Attention is also directed to *State v. Hess*, 178 Kan. 452, 457, 289 P. 2d 759, and cases cited.

The counter abstract of the state gives a quite complete synopsis of the evidence introduced at the trial and shows that there was ample evidence to support the verdict of the jury.

Since there is no showing of reversible error in the record and since it would be impossible and of no importance to discuss the individual assignments of error, the judgment and sentence appealed from must be affirmed. It is so ordered.